ROSE ALTERESKO, Appellant, *v.* HENRY H. PHILLIPS, Respondent.

First Department, February 21, 1924.

**Physicians and surgeons — action against dentist to recover damages for malpractice — evidence sufficient on behalf of plaintiff to warrant submission of case to jury — request of counsel for plaintiff for short delay in trial to permit additional expert witness to reach court room should have been granted.**

In an action to recover damages for alleged malpractice on the part of the defendant, a dentist, in closing the space between two of plaintiff's lower teeth, the evidence was sufficient to warrant the submission of the case to the jury, and it was error to dismiss the complaint at the close of plaintiff's case, since it appears that the defendant advised that the lower front teeth should be cut off and pivot teeth inserted; that the pivot teeth would not stay in place and

then the roots of the teeth were extracted and a bridge inserted which was afterwards replaced by a stationary bridge; that the defendant removed the cusps and enamel from four teeth in the upper jaw in order to make the spacing between the upper and lower jaw correct, and that as a result of defendant's work plaintiff's mouth became inflamed and she suffered considerable pain in the gums and jaw, and where it further appears that an expert testified that the work was not done according to approved methods.

Plaintiff's attorney having been surprised by a witness who refused to testify as an expert although he had done so on a former trial, the court should have granted the attorney's request for a short delay in the trial to enable another expert witness, who was on his way to the court house, to reach the court room and testify.

APPEAL by the plaintiff, Rose Alteresko, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 7th day of March, 1923, upon the dismissal of the complaint at the close of the plaintiff's case.

*Zodikow & Wieder* [*Herman M. Zodikow* of counsel], for the appellant.

*William Dike Reed* [*Murray G. Jenkins* of counsel; *William B. Shelton* with him on the brief], for the respondent.

MARTIN, J.:

This action was brought to recover damages for alleged malpractice on the part of the defendant, a dentist. It appears from the record that there was a space between two of plaintiff's lower front teeth to the extent of about one-sixteenth of an inch. Believing that this condition was detrimental to her appearance, she called upon the defendant with a view to having it corrected. He informed her that, to accomplish what she desired, it would be necessary to remove the tops of the two teeth referred to and insert pivot teeth. That was done, but it was found that the pivot teeth would not remain in place. Defendant then informed plaintiff that it would be necessary to remove the roots of the original teeth and insert a bridge. Thereafter a bridge was placed in plaintiff's mouth. Later it became necessary to replace the first bridge with another, a stationary bridge. Before this was accomplished plaintiff was compelled to submit to treatment of the gums for a long period of time, after which the impression for the stationary bridge was made. She thereafter experienced considerable pain in the gums and jaw. Defendant then removed the cusps and enamel from four teeth in the upper jaw, in order to make the spacing between the upper and lower jaw correct. Apparently this became necessary because the bridge interfered with the closing of the jaws.

Finally plaintiff went to another dentist who testified that he examined the plaintiff's mouth and found an inflamed condition

which is generally the case with bridge work; that the work was not done in an up-to-date manner or in the vogue of the day, to use his expression.

In *Pike* v. *Honsinger* (155 N. Y. 201, 209, 210) the court said: " The rule in relation to learning and skill does not require the surgeon to possess that extraordinary learning and skill which belong only to a few men of rare endowments, but such as is possessed by the average member of the medical profession in good standing. Still, he is bound to keep abreast of the times, and a departure from approved methods in general use, if it injures the patient, will render him liable, however good his intentions may have been."

In *Robbins* v. *Nathan* (189 App. Div. 827, 830) Mr. Justice JAYCOX, writing for the court, said: " I am not unmindful of the fact that in some cases the lack of skill or want of care is so obvious that expert testimony is unnecessary." (See, also, *Benson* v. *Dean*, 232 N. Y. 52.)

In addition to her testimony, plaintiff offered that of the second dentist. His testimony alone was sufficient to warrant the submission of the case to the jury.

During the course of the trial a witness called by plaintiff refused to testify as an expert, although he evidently had been a very material witness on a former trial. It is apparent that the attorney for plaintiff was surprised by the attitude of this witness and was compelled to rely on other witnesses. The counsel for plaintiff informed the court that an expert witness was on his way to the court house from Forty-eighth street and Broadway and would in all probability be present in a few minutes. The court stated he would not wait for the witness and dismissed the complaint.

It may be that plaintiff was in a position to produce additional important testimony.

Considering the entire situation, we believe that the request of counsel should have been given some consideration. While it is important that there should be no delay in the trial of cases, the peculiar circumstances here would seem to have warranted some indulgence. However, we are of the opinion that, without the additional evidence, there was sufficient to warrant the submission of the question of malpractice to the jury.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

CLARKE, P. J., DOWLING, FINCH and McAVOY, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.