WILLIAM JARVIS, an Infant, by MARGARET JARVIS, His Guardian ad Litem, Respondent, *v.* ALEXANDER R. STODDART and Others, Copartners, Doing Business under the Firm Name and Style of A. & J. H. STODDART, Appellants.

MARGARET JARVIS, Respondent, *v.* ALEXANDER R. STODDART and Others, Copartners, Doing Business under the Firm Name and Style of A. & J. H. STODDART, Appellants.

First Department, February 5, 1926.

Negligence — actions based on injuries suffered by infant — verdict for infant for $20,000 and for mother for $1,000 result of sympathy and prejudice — error for court to refuse short adjournment on request of defendant to await arrival of important witness.

The verdicts in this case for $20,000 in favor of the infant plaintiff, who was seven years of age at the time of the accident, and for $1,000 in favor of his mother, are so out of all proportion to the damages suffered that they must be the result of sympathy, prejudice or passion.

It was error for the court to refuse a request by the defendant for a short adjournment to await the arrival of an important witness who, at the time the request was made, was on her way to court.

APPEAL in each of the above-entitled actions by the defendants, Alexander R. Stoddart and others, from a judgment of the Supreme Court in favor of the respective plaintiffs, entered in the office of the clerk of the county of New York on the 7th day of March, 1925, upon the verdict of a jury for $20,000 in the first above-entitled action, and for $1,000 in the second above-entitled action, and also from an order entered in said clerk's office in each action on the 6th day of March, 1925, denying defendants' motion for a new trial made upon the minutes.

*Robert H. Charlton,* for the appellants.

*Nathan Gordon [Harold R. Medina* of counsel], for the respondents.

PER CURIAM.   We believe that in the interest of justice there should be a new trial of these actions.   The verdict for $20,000 for the infant plaintiff, who was seven years of age at the time of the accident, and the verdict for $1,000 for his mother, are so out of all proportion to the damages suffered that the verdicts must have been the result of sympathy, prejudice or passion.

This boy received the injuries for which he seeks to recover damages on June 22, 1922, and returned to school, evidently to his regular class, on September 20, 1922.   Because of the circumstances of this case his teacher became a very important witness. A subpœna had been served and she was on her way to court to

testify. Counsel for defendants requested a short adjournment, which was refused. The request was reasonable and should have been granted owing to the importance of such testimony and in view of the expert testimony.

The judgment in each case should be reversed and a new trial ordered, with costs to the appellants to abide the event.

Present — CLARKE, P. J., DOWLING, FINCH, McAVOY and MARTIN, JJ.

Judgments and orders reversed and new trial ordered, with costs to appellants to abide the event.