SALVATORE GIARDINA, Administrator, etc., of ANTHONY GIARDINA, Deceased, Respondent, v. BRICKEN TEXTILE CORPORATION, Appellant, and Others, Defendants.— Judgment in action to recover damages for the death of plaintiff's intestate, caused by personal injuries resulting from the claimed negligence of the defendant Bricken Textile Corporation, reversed on the law and the facts, with costs, and complaint dismissed, with costs. The court erred in authorizing the jury to predicate liability on the violation of section 196 of the Building Code and upon the existence of the rough, unfinished floor from which plaintiff's intestate fell, composed of the mixture used for filling the arches. Since the plaintiff's intestate fell from the side of the building, and not through any opening within the building, section 196 of the Building Code has no application. (*Boronkay* v. *Robinson & Carpenter*, 247 N. Y. 365; *DeHaen* v. *Rockwood Sprinkler Co.*, 258 id. 350.) (See, also, *Currie* v. *International Magazine Co., Inc.*, 256 id. 106; *Sarconi* v. *122 W. 26th St. Corp.*, 241 id. 340, and *Kowalchick* v. *Reshin*, 146 Misc. 770.) The condition of the floor from which the plaintiff's intestate fell, according to plaintiff's own proof, was usual and customary in buildings of the type here involved and at that stage of construction, and was open and obvious. It must be assumed that, in the absence of any hidden danger, the risk of using the floor was assumed by the deceased. (*McLean* v. *Studebaker Brothers Co.*, 221 N. Y. 475.) Hagarty, Carswell and Tompkins, JJ., concur; Lazansky, P. J., and Young, J., concur for reversal but dissent as to the dismissal of the complaint and vote for a new trial on the ground that there was a question of fact for the jury as to whether or not the appellant afforded the decedent a reasonably safe place to do his work, particularly in connection with the condition of the cinder fill.

HERMAN GINSBURG and Another, Appellants, v. J. FRANK SMITH and Others, Respondents.— Judgment for defendants in action to compel the performance of an agreement that articles of incorporation and by-laws were to provide that the interests of each of the plaintiffs and of defendants Smith and Ryder should be equally and fully protected against change in the corporate structure affirmed, with costs. No opinion Lazansky, P. J., Hagarty, Tompkins and Davis, JJ., concur; Carswell, J., dissents on the ground that the determination is against the weight of the evidence.

FRANK GLINKA, Respondent, v. JAMES APUZZO, Appellant. WALTER GLINKA, Respondent, v. JAMES APUZZO, Appellant.— Action by Frank Glinka to recover damages for injuries sustained by him as the result of a collision between a motor vehicle in which he was riding as a passenger and a motor vehicle owned by defendant and operated by defendant's employee; and by Walter Glinka, his father, to recover for expenses and loss of services. Judgments in favor of plaintiffs unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ.