CAMERON GOLD MINES, INC., CRIPPLE CREEK, COLORADO, Respondent, v. EDWARD W. HOY and ARTHUR J. TODD, Individually and as Copartners, etc., and Another, Appellants.— Order affirmed, with ten dollars costs and disbursements. All concur. (The order denies defendant's motion to compel plaintiff to separately state and number its causes of action.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.

CHARLES E. STEVENS, Doing Business under the Firm Name and Style of CRYSTAL CITY MOTORS, Respondent, v. THE FIRST NATIONAL BANK OF PAINTED POST, Appellant.— Order affirmed, with ten dollars costs and disbursements. All concur. (The order denies defendant's motion to bring in additional parties defendant in an action to recover damages for the alleged fraudulent honoring of a draft.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.

MARION A. DOLAN, Respondent, v. UNITED CASUALTY COMPANY, Appellant.— Judgment and order reversed on the law and facts as a matter of discretion and a new trial granted, with costs to the appellant to abide the event. Memorandum: Plaintiff was permitted to testify to what her physician told her concerning her freedom from stomach ulcers. While the objection was not made that this testimony was hearsay, sufficient grounds were urged for its exclusion. In view of the admission of this testimony, and in view of the fact that plaintiff did not call her own physician to testify, we think it was an abuse of discretion for the trial court to refuse defendant a reasonable time in which to procure the attendance of plaintiff's physician. Even assuming, without deciding, that plaintiff-respondent is correct in her contention that the physician could have been prevented from disclosing information which he acquired while attending the plaintiff in a professional capacity (Civ. Prac. Act, § 352), he could at least have denied that he told plaintiff what she says he told her. As the case now stands plaintiff secured, through her hearsay testimony, the benefit of expert testimony without producing the expert or giving defendant a reasonable opportunity to do so, and, in the interest of justice, the judgment and order should be reversed and a new trial ordered. All concur. (The judgment is for plaintiff in an action under a hospital expense indemnity policy. The order denies a motion for a new trial.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.