VICTORIA SMARSCH, Respondent, v. BAYONNE-STATEN ISLAND FERRIES, INC., Appellant.— Motion for leave to appeal to the Appellate Division granted. Present — Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ.

HERMAN TENDLER, Appellant, v. MANUFACTURERS TRUST COMPANY, Respondent.— Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ.

KATHRYN G. TREACY and Another, as Administrators, etc., of ELEANOR M. TREACY, Deceased, Respondents, v. F. W. WOOLWORTH Co., Appellant. (Appeal No. 1.) KATHRYN G. TREACY and Another, as Administrators, etc., of ELEANOR M. TREACY, Deceased, Respondents, v. F. W. WOOLWORTH Co., Appellant. (Appeal No. 2.) — Motions for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ.

LOUIS CIACCIO, Plaintiff, v. JAMES STEWART & COMPANY, Respondent, and BERNARD BRINDZE & Co., INC., Appellant.— In an action for damages for personal injuries, the impleaded defendant appeals from an order denying its motion (a) to strike it out as a party to the action, and (b) to dismiss for insufficiency as against it the answer of the original defendant and the cross-complaint set out therein. Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. The allegations in the cross-complaint consist merely of conjectures based upon redundant and irrelevant matter set out in the complaint. No facts are pleaded in the cross-complaint pointing to the fault or responsibility of the impleaded defendant or its employees. Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ., concur.

CONCORD OIL CORPORATION, Respondent, v. YORK HEAT SERVICE, INC., Appellant.— In an action for the agreed price of goods sold and delivered, order denying defendant's motion to open its default and to vacate the judgment entered, reversed on the law and the facts, without costs, and motion granted to the extent of vacating defendant's default, without costs, on condition that the judgment entered stand as security, and that the case be restored to the trial calendar for the June term and tried at that term, subject to the approval of the justice presiding. Appeal from the inquest and judgment dismissed, without costs. In view of the serious illness of defendant's president, who was a necessary and material witness, the defendant, in our opinion, was entitled to an adjournment of the trial, and it was an improper exercise of discretion to direct that an inquest be taken. Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.

LETTIE EBEL, Respondent, v. ANDREW AST, Appellant.— In an action to recover damages for personal injuries alleged to have been sustained through defendant's negligence, order of the Appellate Term reversing the summary judgment of the Municipal Court of the City of New York, Borough of Brooklyn, which dismissed the complaint, and the order upon which it was made, and denying defendant's motion for summary judgment, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

JANE A. EVERDELL, Respondent, v. BROOKLYN SAVINGS BANK, Appellant.— Order denying the appellant's application for an order of interpleader reversed on the facts, without costs, and the motion granted, without costs; the funds to remain on deposit in the appellant bank to the credit of the action until final judgment. Under all the facts and circumstances the application should have been granted. Hagarty, Adel, Taylor and Close, JJ., concur; Lazansky, P. J., dissents and votes to affirm the order.