ROBERT MURPHY, an Infant, by MAE MURPHY, His Guardian ad Litem, Appellant, *v.* CITY OF NEW YORK, Respondent.

First Department, April 12, 1948.

*Arthur Hutter* of counsel (*Mordecai P. Springer,* attorney), for appellant.

*Samuel D. Johnson* of counsel (*Seymour B. Quel* with him on the brief; *John P. McGrath, Corporation Counsel,* attorney), for respondent.

*Per Curiam.* The action is to recover damages for personal injuries sustained by plaintiff who was sixteen years of age at the time of the accident in December, 1944. The young man was a passenger in an automobile which it is claimed was struck by a street car owned by defendant and driven toward a crossing against the traffic lights. His injuries were severe for it appears that he was admitted to the United States Naval Hospital on the day of the accident and was confined there and at other hospitals for over one hundred days. He suffered fractures of the vertebrae and pubic bone and a rupture of the bladder. It is claimed that numerous complications arose from these injuries.

The trial of the case began on December 9, 1947, shortly before 3:00 P.M. Two physicians were to give testimony con-

cerning the nature and extent of plaintiff's injuries. One was requested to appear at 1:00 P.M. on December 10th and the other at 2:00 P.M. This accommodation to the professional witnesses was made, as claimed by plaintiff, so that they might fulfill engagements at hospitals in the morning. Apparently the trial of the case took less time than had been anticipated, and at about twelve o'clock plaintiff rested subject to the calling of his physicians. The court stated that if the doctors did not appear at the time defendant's case was concluded, he would have to continue without them. At 12:35 P.M. the defendant's evidence had been completed and plaintiff requested that the court grant an adjournment of twenty-five minutes to await the arrival of the first of the two physicians. The court directed counsel to sum up without the medical testimony. Plaintiff then asked for a mistrial, which the court refused to grant. Because of the importance of the medical testimony, plaintiff declined to go to the jury without the benefit of the testimony of the physicians and elected to discontinue. At a later date, plaintiff made an application for leave to withdraw his motion to discontinue and to declare a mistrial of the case so that it might be speedily retried without the necessity of instituting a new action. From the order denying the motion this appeal is taken.

As a general rule in civil cases the trial court has a wide discretion upon an application for the withdrawal of a juror and the declaring of a mistrial, but that discretion is not absolute, as the facts may be such that a refusal to declare a mistrial will constitute reversible error. Where the court declines to grant a reasonable request for an adjournment or an application for a mistrial, the failure so to do may be reviewed and corrected upon an appeal. In the circumstances of this case the court should have allowed the postponement requested by plaintiff to await the arrival of the two important witnesses. When plaintiff deemed it inadvisable to proceed without the testimony of these witnesses, the application for a mistrial should have been favorably acted upon. The refusal of a timely application to adjourn a trial for a reasonable time to await the arrival of an important witness or to procure necessary testimony has been held by this court a sufficient basis for reversal of a judgment and ordering of a new trial. (*Jarvis* v. *Stoddart*, 215 App. Div. 523; *Alteresko* v. *Phillips*, 208 App. Div. 171, 173; *Clifton Shirting Co., Inc.,* v. *Bronne Shirt Co., Inc.,* 213 App. Div. 239, 241.) Expedition in the trial of a case is to be encouraged but **justice should not be sacrificed in the interests of speed.**

Though the infancy of plaintiff has tolled the statute of limitations (*Russo* v. *City of New York*, 258 N. Y. 344), the refusal of the court to grant a mistrial would require the commencement of a new suit with its resulting expense and long delay.

As a reason for declining to grant a mistrial the court in its memorandum accompanying the denial of the motion stated that plaintiff and the two youths who testified in his behalf had amongst them no less than six convictions of crime, which it is indicated were adjudications of juvenile delinquency. Such a factor should have had no bearing on the disposition of the motion made which resulted in the order appealed from. No child is considered a criminal by virtue of any decision of the Children's Court adjudging it a juvenile delinquent. (*Matter of Kane* v. *Necci*, 269 N. Y. 13, 16; *People* v. *Pikunas*, 260 N. Y. 72, 73.) An adjudication of juvenile delinquency is not a crime (Penal Law, § 2186). Section 45 of the Children's Court Act of the State of New York specifically provides: '' Neither the fact that a child has been before the children's court for hearing nor any confession, admission or statement made by him to the court or to any officer thereof while he is under the age of sixteen years, shall ever be admissible as evidence against him or his interests in any other court.'' It would seem that the purpose and intent of the statute would be thwarted if a showing of such adjudications might be employed to impeach the credibility of a party to an action or of his witnesses. Such impeaching testimony should not have been considered. Attention is called to the pertinent statutes so that any improper evidence in this regard may not be received upon a new trial.

For all the foregoing reasons the order should be reversed, with $20 costs and disbursements to appellant, the motion granted, and the case set down for an early trial in an order to be settled hereon.

Glennon, J. P., Dore, Cohn, Callahan and Shientag, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant, the motion granted and the case set down for an early trial. Settle order on notice.