**KEISTER v. McDAVID et al.**

**No. 970.**

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 6, 1950.

Decided Nov. 21, 1950.

As Modified on Denial of Rehearing Dec. 15, 1950.

Dan Piver, Washington, D. C., for appellant.

L. J. H. Herwig, Washington, D. C. (William J. Bartle, Washington, D. C., on the brief), for appellees McDavid.

Saul G. Lichtenberg, Washington, D. C., for appellee Kaden.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Judges.

HOOD, Judge.

Keister and Kaden were sued for wages for carpenter work. The claim was for less than $500 and under the rules of the trial court answers were not required. Kaden filed a cross-complaint against Keister, claiming damages of $3,000 for Keister's failure to complete a construction contract in connection with which plaintiffs' work was performed. Keister filed no answer to the cross-complaint although required to do so by rule of court; but no effort was made to take a default against him. The case was several times set for trial but was continued by consent of the parties. It was finally set for trial more than two years after it was filed and Keister, apparently for the first time, engaged counsel. Counsel secured a continuance of the case until May 26, 1950. Thereafter by praecipe signed by counsel for all parties the case was continued to June 26 "for trial or voluntary dismissal" meaning apparently that the case would be tried on that date unless settlement was reached in the meanwhile. On June 26 when the case was called for trial neither Keister nor his counsel was present and the trial commenced in their absence. Trial was not completed on that date and was continued over to June 28. On June 27 one of plaintiffs' counsel informed Keister's counsel of the situation and when trial was resumed on the 28th

Keister and his counsel appeared. Counsel explained that his previous absence was due to the fact that he had not been notified of the trial, and stated that he was prepared to defend on behalf of Keister and would not seek to cross-examine on any of plaintiffs' case already heard. Counsel also sought permission to file an answer to Kaden's cross-complaint. The court refused to permit the filing of such answer and refused to permit Keister or his attorney to participate in the trial, and further ordered a default against Keister on Kaden's cross-complaint, subject to ex parte proof.[1] The trial resulted in a finding and judgment for plaintiffs against Keister. Keister has appealed.

 According to an affidavit of Keister's attorney, he did not appear at the commencement of the trial because "inadvertently" the date was not noted on his calendar and he had heard nothing from the other attorneys. Having joined with other counsel in setting the case for trial, he was entitled to no further notice and was under the duty of being present on the date set. Mere inadvertence in keeping his own calendar is no excuse. It is therefore plain that the court was entirely justified in proceeding with the trial in the absence of appellant and his attorney. Of course a party is entitled to be present during the trial of his case but he may waive that right by failing to appear.

Another question is presented, however, by the exclusion of appellant and his counsel from any participation in the trial when they did appear. We gather, from a not too clear record, that when they appeared plaintiffs' case had not been completed. Plaintiffs were willing that Keister participate in the trial. Kaden objected but the record does not show the ground of his objection.

We think Keister should have been allowed to present his defense. This was agreeable to plaintiffs and it does not appear that it would have prejudiced Kaden in either making his defense to plain-

tiffs' claim or in proving his own cross-claim against Keister. Naturally we do not approve a party's late appearance at trial because we recognize that such practice is bound in some degree to interfere with the orderly procedure of trial; but the law favors a hearing on the merits and is slow to deny to one the right to present his side of the case when exercise of that right does not prejudice the rights of other parties.

We also think it was error to enter a default against Keister on Kaden's cross-claim. Although Keister's answer was long overdue Kaden had made no effort to take advantage of the default. When Keister appeared at trial with his answer and ready to defend he was no longer in default.[2]

As this appeal was taken only from the judgment of plaintiffs against Keister, the issues between plaintiffs and Kaden are not before us.

Judgment against appellant Keister reversed with instructions to grant a new trial.

---

1. The record does not show whether such proof was offered or whether judgment was entered on the default.

2. Banville v. Sullivan, 11 App.D.C. 23.