## HOLLYWOOD CREDIT CLOTHING CO., Inc. v. HAMDON.

### No. 1012.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 12, 1951.

Decided Mar. 16, 1951.

Jack Politz, Washington, D. C., for appellant.

J. E. Bindeman, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Hollywood Credit Clothing Co., hereafter called Hollywood, brought suit in the Small Claims and Conciliation Branch of the Municipal Court against Mary and Daniel Hamdon for an alleged balance due on the purchase of merchandise. The case was called about 10:15 a. m. on the return day. Hollywood's attorney and Daniel Hamdon answered the call. Mary Hamdon had not been served with process and was not present. On answering the call Hamdon was asked if he owed the amount claimed (no written answer is required of defendants in the Small Claims Branch),[1] and he replied that he did not owe the money, had never been in the store, had not received any merchandise and had signed nothing. On being asked if he was ready for trial, Hollywood's counsel replied that he was not, stating that the papers, including the contract, were at the store. Hamdon was then asked if he was losing time from work as a result of being in court and he replied that he was but did not know whether his wages would be docked on account of it.

At this point Hollywood's counsel requested time to secure the records from the store. Again the court asked if the parties were ready and Hamdon answered that he was, but Hollywood's counsel replied in the negative and asked time to secure the records from the store, first asking for twenty minutes and later for ten minutes. The court denied his request and ordered the case dismissed as to Hamdon. This appeal is from that order.

■■ A trial court has broad discretion in the control of its calendar and in the granting or denying of requests for continuance or postponement. The only ques-

---

tion here is whether there was an abuse of that discretion. Consideration of the question requires some review of the background. In the Small Claims Branch, whose jurisdiction is limited to civil claims not exceeding $50,[2] many cases are filed but comparatively few of them are tried. The official report of the Branch for November 1950 (the month in which this case was filed and called) shows that in that month 1781 cases were filed, 975 judgments by default were entered, 198 judgments by confession were entered, and that there were only 110 contested trials. On the day this case was called there were 100 cases on the daily calendar, 24 of them having been filed by Hollywood, and this case was approximately the 60th case on the call. The usual custom in the Branch is to call the daily calendar, disposing first of uncontested, ex parte, and other preliminary matters before starting the hearing of trials. The exact practice followed on the day in question is not shown by the record but apparently the dismissal took place in the midst of the preliminary call, for although the parties were asked if they were ready for trial the court neither announced that it was ready to try the case nor did it call on Hollywood's counsel to proceed with trial. It may be fairly inferred that the case was dismissed during the preliminary call of the daily calendar because Hollywood's counsel announced that he was not immediately ready for trial but needed twenty minutes (later reduced to ten minutes) in order to be ready. In our opinion such dismissal was improper.

■ We make no excuse for the failure of Hollywood to have its witnesses and documents ready for trial. Several years ago we said that in the Small Claims Branch it is the duty of a plaintiff to have his witnesses in court or *available* on the return day. But we also said that plaintiff "was justified in assuming that *if* defendants appeared, and *if* they contested the case, and *if* conciliation failed he would be given a few minutes at least to produce

his witnesses and proceed with the trial." Potomac Small Loan Co. v. Myles, D.C. Mun.App., 34 A.2d 609, 612.

No reason was given in this case for the refusal to hold the case for ten or twenty minutes. There is no showing that such a short delay would have interfered with the court's business of the day; indeed it does not appear that the case had been reached for trial at the time the judge ordered the dismissal. Also there is no showing that a ten minute wait would have greatly inconvenienced the defendant. It is of course important that parties be ready for trial when their cases are called for trial, but it is still more important that cases be disposed of on their merits.[3] The inconvenience of a few minutes delay ought not to outweigh the fundamental right of a party to present a claim or assert a defense.

The trial court's concern with defendant's possible loss of wages while attending court is commendable, but dismissing the case for want of prosecution solved nothing and helped no one. As we pointed out in the Myles case, it would not prevent a second suit being filed, thereby requiring defendant to come back to court another day and in all probability causing him even further loss of time from work. It is to be noted that the defendant did not ask for a continuance, and if a continuance to another day became necessary or proper the case could have been reset for a Saturday morning session or a night session, both of which are expressly provided by the Small Claims Act.[4] But in any view of the matter, defendant's interests would have been better protected by waiting a mere ten minutes and giving him a trial on the merits that morning. To quote again from the Myles case, "it seems to us that justice would have been much better served by holding the hearing on that very day, instead of taking action that would require the parties to return a second time."

Reversed.

New York, 273 App.Div. 492, 78 N.Y.S.2d 191.

---

2. Code 1940, 11–804.

3. Keister v. McDavid, D.C.Mun.App., 76 A.2d 776; Etty v. Middleton, D.C.Mun App., 62 A.2d 371; Murphy v. City of

4. Code 1940, 11–816.