■ MABEL PICKERING, Respondent, v. ROY FREEDMAN et al., Appellants.— Judgment of the Supreme Court, Kings County, entered April 19, 1968, affirmed, with one bill of costs against defendants filing separate briefs, jointly. In our opinion, the jury's verdict on the issues of liability was amply supported by the evidence. Its finding against "both defendants" was not ambiguous under the circumstances, the trial court having charged them to consider both

the operator of one of the vehicles involved in the collision and the owner thereof (defendants Freedman) as one defendant. If defendant Simons had any lingering doubts, he should have requested a poll of the jury on that issue after the conclusion of the damages phase of this split-trial, the latter stage having been tried a few days later before the same jury. As this was a two-stage trial before one and the same jury, there was no error in the trial court's refusal to allow a jury poll at the end of the liability phase. Furthermore, we find no abuse of discretion in the trial court's refusal to grant defendant Simons a short adjournment to await a witness scheduled to appear one-and-a-half hours later. Not only did his attorney fail to make an offer of proof to the trial court, but it is apparent no proper justification, such as surprise or the need of a doctor to attend to his patients, exists in this case for the requested delay in the conduct of the trial (see, e.g., *Murphy* v. *City of New York*, 273 App. Div. 492; *Alteresko* v. *Phillips*, 208 App. Div. 171). Insofar as the damages stage of this trial is concerned, we find that the report of the Freedman defendants' medical expert, Dr. Altman, was improperly received in evidence upon plaintiff's case. Dr. Altman was concededly unavailable to testify upon the trial, having suffered a stroke; and the Freedmans presented no evidence in contradiction of plaintiff's medical claims. Although the report was secured by plaintiff prior to trial pursuant to CPLR 3121 (subd. [b]), it was inadmissible hearsay; and it was improper for plaintiff to employ the report as evidence in chief on her own case and imply that the Freedmans were bound thereby. Nevertheless, we do not believe the improper admission of this report requires a new trial on the issue of damages. Insofar as the report is adverse to defendant's position, it merely reiterates the obvious, namely, that plaintiff's left upper eyelid is scarred and that her eyeball remains slightly exposed when she closes the lid. As the jury saw these conditions for themselves, defendants could not have been unduly prejudiced by their consideration of the report. Nor do we find the verdict in plaintiff's favor to be excessive under the facts of this case. Christ, Acting P. J., Brennan, Munder and Kleinfeld, JJ., concur; Hopkins, J., concurs in result.