■ ARTHUR BRODISH, Respondent, v. DIESEL CONSTRUCTION Co., INC., Defendant, and JACOBSON & Co., INC., Appellant.— In a negligence action to recover damages for personal injury, defendant Jacobson & Co., Inc., appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County, entered May 16, 1968, as is in favor of plaintiff against it, upon a jury verdict. Judgment reversed insofar as appealed from, on the law and the facts, with costs, and complaint dismissed. In our opinion, plaintiff was guilty of contributory negligence as a matter of law (cf. Nucci v. Warshaw Constr. Corp., 12 N Y 2d 16; Holgerson v. South 45th St. Garage, 16 A D 2d 255; Giardina v. Bricken Textile Corp., 243 App. Div. 608; 12 NYCRR 23.3 [e]; 23.25 [a], [8]). "If defendant ought to have foreseen an accident of this kind and taken some precaution to \* \* \* [avoid it], then so ought plaintiff to have proceeded in a manner calculated to avoid the danger" (Nucci v. Warshaw Constr. Corp., supra, p. 19). Unlike the situation in Kaplan v. 48th Ave. Corp. (267 App. Div. 272), plaintiff herein was not faced with the choice of either abandoning the reasonable course of this work or assuming the risk. He could have avoided the danger by the simple expedient of conducting himself in accordance with rule 23.25 (supra), which was promulgated to prevent accidents of the kind involved herein. Were we not dismissing the complaint, we would order a new trial on the ground that the trial court improvidently exercised its discretion in denying appellant's application for a recess or adjournment for the purpose of affording it an opportunity to put plaintiff's physician on the stand (cf. Hefele v. City of New York, 25 A D 2d 142; McCabe v. Queensboro Farm Prods., 21 A D 2d 675; O'Malley v. City

*of New York,* 16 A D 2d 942; *Murphy* v. *City of New York,* 273 App. Div. 492; *Dolan* v. *United Gas. Co.,* 259 App. Div. 784; *Jarvis* v. *Stoddart,* 215 App. Div. 523). Christ, Acting P. J., Brennan, Rabin, Benjamin and Martuscello, JJ., concur.