■ JACK SIMON et al., Appellants, v. SADIE GOLDBERG, as Administratrix of the Estate of JEROME SPEER, Deceased, et al., Respondents.— In a negligence action to recover damages for personal injuries sustained in an automobile accident, plaintiffs appeal (1) from a judgment of the Supreme Court, Queens County, entered April 16, 1971, (a) in their favor against defendant Goldberg, as administratrix, upon a jury verdict of $2,000 for plaintiff Simon and $500 for plaintiff Klein against said defendant and (b) against them and in favor of defendant Pasahow upon the verdict; and (2) from an order of the same court, dated April 14, 1971, which denied their motion to set aside the verdict and for a new trial. Judgment modified, on the law and in the interests of justice, by striking therefrom the decretal provisions in favor of plaintiffs against defendant Goldberg, as administratrix, and substituting therefor a provision granting a new trial as between said parties, limited to the issue of damages, with appropriate severance of action. As so modified, judgment affirmed, without costs. Appeal from order, insofar as it affects defendant Pasahow, affirmed, without costs. No opinion. Appeal from order, insofar as it affects defendant Goldberg, as administratrix, dismissed as academic in view of the determination herein of the appeal from the judgment, without costs. The trial court refused to adjourn the case from 11:15 A.M. to 2:00 P.M., one hour of which time would have been taken up by the lunch break, to permit the testimony of plaintiff Simon's treating physician to be taken. That witness' testimony was vital, as there was a substantial issue in the case as to whether Simon's condition was aggravated as the result of the accident or whether his condition actually stemmed from a laminectomy which had been performed five years prior to the happening of the accident. Had the adjournment been granted, plaintiff Klein's treating physician could also have testified. Under the circumstances of this case it was error not to grant the short adjournment to accommodate the treating physicians, both of whom, through no fault of their own, were unable to attend at a given hour (cf. *Brodish* v. *Diesel Constr. Co.*, 32 A D 2d 785; *McCabe* v. *Queensboro Farm Prods.*, 21 A D 2d 675; *Murphy* v. *City of New York*, 273 App. Div. 492). Hopkins, Acting P. J., Munder, Martuscello, Latham and Shapiro, JJ., concur.