■ GERMAN CASTRO, Respondent-Appellant, v. BEEKMAN DOWNTOWN HOSPITAL, Defendant, and KENNETH C. SZE, Appellant-Respondent.— Order, Supreme Court, New York County, entered on February 7, 1972, *inter alia,* denying defendant Sze's motion for a new trial, unanimously reversed, on the law and in the interests of justice, and said motion granted, with $60 costs and disbursements of this appeal to abide the event. In this medical malpractice action, the cross-examination of certain defense witnesses took less time than was anticipated, and was concluded before appellant's sole expert witness (a vascular surgeon), who was then enroute, arrived at the courthouse. Since it was then 10 minutes past noon, defense counsel asked the court for an earlier than usual lunch recess. The request was denied and summation directed. The expert arrived shortly after appellant's counsel began his summation "under protest". Nevertheless, the trial court refused to allow the witness to testify then, or to reopen the case after the lunch recess and before summation by other counsel. In the circumstances here presented, especially in view of the nature of the action, the court's refusal to grant appellant's reasonable requests constituted reversible error. (Cf. *Murphy* v. *City of New York,* 273 App. Div. 492.) Since a new trial is required, we find it unnecessary to pass upon the other assignments of error raised hereon. Concur — Stevens, P. J., McGivern, Nunez, Murphy and Capozzoli, JJ.

■ GEORGE A. MURRAY Co., INC., Respondent, v. JOHNSON TRANSPORTATION, INC., Appellant.— Order, Supreme Court, New York County, entered on July 10, 1972, insofar as it granted plaintiff's motion for summary judgment to the extent of directing an assessment of damages upon the basis of the services rendered by third parties, and judgment of said court entered on September 22, 1972, unanimously reversed, on the law, the assessment of damages, together with the judgment entered thereon vacated, and the matter remanded for trial. Appellant shall recover of respondent $60 costs and disbursements of these appeals. Summary judgment, on this submission, is not supportable. We have before us no formal contract. And the defendant's letter clearly indicates the expectation that the formalization of a contract would be subsequent to a mutual agreement as "to the preliminary inspection, development, feasibility and fees." It does not appear that plaintiff ever did seek or obtain approval of the costs or fees incurred for preliminary work or services. Thus, a threshold issue of fact is visible, whether plaintiff obtained or defend- ant consented, expressly or tacitly, to the services performed, and which form the basis of the first cause of action. Another discernible issue is whether plaintiff's procural of financing for the contemplated construction was a condi- tion precedent to any obligation of performance by defendant. Summary judgment was prematurely granted. Concur — McGivern, J. P., Murphy, Lane, Steuer and Capozzoli, JJ.