■ JOHN R. FITZSIMMONS et al., Respondents, v WILDER MANUFACTURING Co., INC., Appellant, et al., Defendant.—Appeal from a judgment of the Supreme Court, entered June 18, 1975 in Ulster County, upon a verdict rendered at a Trial Term in favor of plaintiffs. In December, 1971 plaintiff John R. Fitzsimmons purchased a funeral home located in Margaretville, New York, from one Everett Herrick. In October, 1970 Mr. Herrick had purchased a hoist from defendant Kelco Supply Company which had been manufactured by appellant Wilder Manufacturing Co., Inc. The hoist, as advertised, consisted of a ceiling unit which enclosed the motor and gears, and from which hung six flexible straps. The straps, three on each side, when connected together, were to be used to lift caskets or bodies in a sling-like manner. The hoist was installed by Mr. Herrick on the garage ceiling and utilized to lift caskets from the floor of the garage up to the casket showroom, a distance of seven or eight feet. In installing the hoist, Mr. Herrick had modified its design by attaching the straps to a cage made from angle iron and which rested on a four-foot by eight-foot wooden platform, thus transforming the hoist into an elevator. On July 14, 1972 plaintiff John R. Fitzsimmons and his assistant placed a casket on a dolly and rolled it onto the hoist at the second floor showroom level. Both men got on and started down to the garage floor. After descending approximately one foot, the hoist suddenly dropped to the floor causing the injuries to plaintiff Fitzsimmons which were the basis of this action. The complaint set forth causes of action based upon (1) negligence on the part of Wilder in the "design, manufacture and selection of components for the hoist" and (2) breach of warranty in that defendants had warranted that the hoist "was of merchantable quality and reasonably fit for use in lifting and lowering loads up to 1,000 lbs." The jury returned a verdict of no cause of action against defendant Kelco, but awarded plaintiffs John R. Fitzsimmons and Eileen Fitzsimmons (for loss of services) damages against appellant Wilder in the sums of $25,000 and $5,000 respectively. The primary claim of defendant Wilder on this appeal is that the trial court erred in refusing to grant it an adjournment so that it could produce a necessary expert witness. The trial commenced on June 9, 1975. Plaintiffs produced an expert who testified that the hoist fell because one of the components in the lifting mechanism was unsuitable. On Friday, June 13, Wilder planned to call its own expert witness. When the expert failed to appear at the scheduled time of 2:00 P.M., Wilder's attorney advised the court that the witness was expected momentarily. A short recess was ordered, but, after waiting more than one and one-half hours, the Trial Judge adjourned the trial until Monday morning, June 16, at 10:00 A.M. The expert did not appear at 10:00 A.M. and a adjournment was granted until 11:00 A.M. The court was then advised that the expert "would surely be available at noon". The witness, who was then testifying in Dutchess County Court, did not show up at noon. At 12:04 P.M. the Trial Judge stated for the record that he had just received a telephone call from the Dutchess County Court Judge, before whom the defendant's expert was then testifying, who advised him, among other things, "that the witness will not be available". Over the opposition of the attorney for defendant Wilder, the court ordered a resumption of the trial. The court denied a renewed motion for an adjournment just prior to summations and the case went to the jury without the testimony of Wilder's expert. A request for an adjournment is a matter within the sound discretion of the trial court *(People v Oskroba,* 305 NY 113; *People v Jackson,* 111 NY 362).

Defendant Wilder relies on *People v Foy* (32 NY2d 473) in which the Court of Appeals, although reaffirming this rule as to the discretion of the trial court, reversed the order of the Appellate Division upholding the refusal of the Trial Judge to grant an adjournment during the course of the trial. In that case the defendant's attorney advised the jury in his opening statement that he intended to use an alibi defense. After the People rested, the defendant's attorney requested a short adjournment to secure the attendance of two alibi witnesses. The motion was denied. In its opinion for reversal the Court of Appeals emphasized that there existed, a "more liberal policy in favor of granting a short adjournment—and thus more narrowly construing the court's discretionary power—when the delay is requested in order to insure a fundamental right" *(People v Foy, supra,* pp 476–477). The right therein involved, of course, was that of an accused to present witnesses in his defense. All of the cases relied upon were criminal. Contrary to Wilder's claim, we find no authority for the proposition that the *Foy* rule, that the trial court's discretionary powers as to adjournments should be narrowly construed because of the involvement of fundamental rights, applies equally to civil cases. The civil cases cited by Wilder are all distinguishable. The right to an adjournment has been upheld to meet surprise *(Keystone Coop. Grape Assn. v Perdue,* 265 App Div 1035; *Clifton Shirting Co. v Bronne Shirt Co.,* 213 App Div 239) or where a key witness was ill and unable to attend *(Concord Oil Corp. v York Heat Serv.,* 262 App Div 758). Also, it has been held to be an abuse of discretion to deny an adjournment when a single brief continuance would certainly have enabled a party's expert witness to testify *(Castro v Beekman Downtown Hosp.,* 43 AD2d 537; *Simon v Goldberg,* 39 AD2d 758; *Murphy v City of New York,* 273 App Div 492). In the instant case we have no claim of surprise or illness; defendant Wilder had already been granted several adjournments and, in any event, there was no indication as to when the witness would be available. Also, it appears that on Friday, June 13, 1975, the witness finished testifying in Dutchess County Court at 2:44 P.M. Defendant Wilder has offered no sufficient explanation as to why his expert could not appear in Kingston to testify in this case, which was not adjourned until approximately 3:30 P.M., nor any acceptable explanation as to why he didn't appear on Monday morning, June 16, three days later. Under all these circumstances, we cannot conclude that the trial court abused its discretion in refusing to grant the requested adjournment. Appellant's remaining arguments are without merit. Although, in response to questions submitted by the court, the jury indicated that they found that plaintiff John R. Fitzsimmons was not using the hoist for the purpose and in the manner intended at the time of the accident, they also specifically found said plaintiff to be free from contributory negligence. These findings seem to be inconsistent, but the rule is "That findings are inconsistent is not fatal so long as they are reconcilable" (8 Carmody-Wait 2d, NY Prac, § 58:10). In this connection we also conclude that the apparent inconsistency between the jury findings that the instrumentality was not being used as intended and plaintiff's freedom from contributory negligence is explained by the fact that the negligence of the plaintiff, in the jury's view, did not proximately contribute to the happening of the accident. There is sufficient proof in this record from which the jury could have concluded that even though said plaintiff was not using the hoist in the manner intended, because of the modifications, he was using it for the purpose intended, lifting objects weighing no more than 1,000 pounds, and that, in any event, his said use of the machinery was reasonable and prudent under the circumstances. We find no abuse of

discretion in the trial court's allowing plaintiff's expert to testify out of order but do note that, in the context of this case, the comments of plaintiff's attorney, in regard to the defendant's failure to produce an expert witness, strained the bounds of fairness. Judgment affirmed, without costs. Koreman, P. J., Kane, Mahoney, Larkin and Reynolds, JJ., concur.