Foster, J.
Harry Marco (now deceased and represented by his administrator) commenced this stockholder’s derivative action in 1936 against former directors of the nominal defendant Blue Bidge Corporation. Blue Bidge and its successor, Bidge Bealization Corporation, though nominally defendants, appear to be real parties in interest in favor of plaintiff’s cause.
*547 The individual defendants were directors of Blue Ridge from 1929 to 1932 when the wrongs allegedly were committed. Blue Ridge then was an investment company with millions of shares outstanding with the public. The Federal Bankruptcy Court, supervising a reorganization of the parent corporation of the nominal defendants, ordered a special attorney for the trustees in bankruptcy to appear on behalf of Blue Ridge to protect its interests, apparently believing the cause had merit, and indeed it appears that the estate of one of the original defendants has settled a claim for $800,000.
This litigation is 25 years old, and there has been an astonishing amount of pretrial maneuvering on both sides. The case has been to this court twice (295 N. Y. 642, 304 N. Y. 912) and to the Appellate Division several times. The present appeal is from an order of the Appellate Division, Second Department, affirming an order of the Supreme Court, Kings County, which (1) vacated a judgment entered January, 1958 dismissing the complaint pursuant to section 299 of the Civil Practice Act (willful failure to appear for examination before trial); (2) reinstated an earlier dismissal of the action pursuant to rule 302 of the Rules of Civil Practice, which occurred on January 4, 1956, and (3) nullified all proceedings in the action subsequent to January 4, 1956 for want of jurisdiction.
It is not necessary to rehearse all of the pretrial motions and appeals to decide the issues involved herein, but some of them are pertinent.
On January 4, 1956 the case allegedly was dismissed automatically pursuant to rule 302 of the Rules of Civil Practice. On that date there were three appeals pending in the Appellate Division which included: (1) an appeal by plaintiff and the nominal corporate defendants from an order of the Supreme Court, entered January 19, 1955, staying the action pending submission by plaintiff to examination before trial; (2) an appeal by plaintiff and the nominal corporate defendants from another order of the Supreme Court, entered December 27,1954, granting plaintiff’s motion for the deposition of one Finney, a former executive vice-president of Blue Ridge, to be taken, however, only after plaintiff submitted to pretrial examination, and (3) an appeal by the nominal defendant, Ridge Realization (which actually is interested in the success of plaintiff in this *548 derivative suit), from an order, entered July 26, 1955, denying a motion to disqualify Sullivan ■& Cromwell as attorneys for the defendants, on the ground that they represented Blue Ridge as general counsel during the period 1929 to 1932. These three appeals were argued on November 28, 1955, and the parties were awaiting decision thereupon on January 4, 1956, when the automatic dismissal is said to have occurred. The rule 302 dismissal, it is argued, resulted from the ‘1 mark-off ’ ’ from the Trial Calendar of the case on January 4, 1955, and the absence of its restoration for one year thereafter.
Rule 302 of the Rules of Civil Practice provides: “ In the supreme court and county courts a cause hereafter marked ‘ off ’ or struck from the trial term or special term calendar or unanswered on a clerk’s calendar call, and not restored within one year thereafter, shall be deemed abandoned, and the complaint and counterclaim, if any, shall be dismissed without costs for failure to prosecute, and the clerk shall make appropriate entry to that effect pursuant to this rule without necessity of further order.” (Subd. 2; emphasis supplied.)
Subsequent to the dismissal under rule 302, the Appellate Division, on February 27, 1956, decided the appeals (1 A D 2d 849, 851). The stay and the denial of the motion to disqualify were affirmed and the deposition order was modified, and counsel for Blue Ridge served notice to restore the case to the calendar.
On May 14, 1956 defendants moved to strike plaintiff’s complaint pursuant to section 299 of the Civil Practice Act for willful failure of plaintiff to appear for examination before trial or, in the alternative, to dismiss the complaint pursuant to section 181 of the Civil Practice Act, for failure to prosecute. On June 11, Schwabtzwald, J., denied the section 299 motion provided that plaintiff appeared for examination by July 26 and denied the section 181 motion. In his opinion, he noted that the “ action is presently on the General Calendar ”. On July 23 and 25, 1956, plaintiff and the nominal corporate defendants appealed from Justice Schwartzwald’s order concerning the examination. On August 28, upon failure of plaintiff to submit to examination (she claimed she was ill), judgment was entered dismissing the complaint. Plaintiff and nominal defendants appealed. On July 15, 1957 the Appellate Division reversed and ordered a hearing on the question of willfulness of plain *549 tiff’s failure to appear. On September 24, 1957 defendants again moved for dismissals under sections 299 and 181 of the Civil Practice Act and, after a hearing on plaintiff’s physical condition, Justice Schwartzwald granted the section 299 motion. In 1958, on January 3 and 7, the order and judgment striking the complaint were entered. The section 181 motion for failure to prosecute was denied.
On March 8, 1958, two months after the section 299 dismissal for failure of plaintiff to submit to examination, plaintiff commenced a new action in the United States District Court for the Southern District of New York, pursuant to section 23 of the Civil Practice Act. That section permits a new action for the same cause within one year after termination of a prior action, when the termination is not “ upon the merits ”.
Defendants moved for summary judgment in the Federal court, and one of their grounds was that the prior action had been dismissed on January 4,1956, for lack of prosecution under rule 302, and that such dismissal occurred more than a year prior to institution of action in Federal court. Defendants claimed all proceedings in the cause subsequent to January 4, 1956 were jurisdictional nullities (Marco v. Dulles, 177 F. Supp. 533, 546).
Judge Herlands, in the Federal court, denied the motion with an exhaustive opinion (177 F. Supp. 533) and found that the Clerk’s records were not entirely clear as to the rule 302 dismissal or the restoration of the case to the calendar within a year after it was “marked off” (on January 4, 1955). However, he pointed out that on September 23, 1957 (subsequent to alleged dismissal on January 4, 1956) defendants, in an affidavit, had acknowledged ‘1 annual token restoration to frustrate the rule of automatic dismissal ” (177 F. Supp. 544). At any rate, he held that defendants were estopped from attacking the 1958 judgment dismissing the complaint for willful nonappearance of plaintiff at the examination before trial (for which judgment defendants had moved); that defendants were estopped and waived the right to assert that the prior action had been finally terminated and dismissed on January 4, 1956, under rule 302; and that the final dismissal occurred in January, 1958, under section 299 of the Civil Practice Act, and hence the Federal court action was permissible under section 23 of the Civil Practice Act.
*550 Thereafter, on August 4, 1959 defendants moved in the Supreme Court, Kings County, for an order “vacating” the January, 1958 judgment and “ setting aside all proceedings in this Court herein after January 4, 1956, on the ground * * * the Court lacked jurisdiction to proceed * * * following the termination of this action under and pursuant to Rule 302 * * * on or about January 4, 1956 ”. Upon obtaining such relief, of course, defendants could obtain a dismissal of the Federal District Court action for noncompliance with section 23 of the Civil Practice Act. The motion in the Supreme Court, Kings County, to vacate was granted, and the findings of the State court were contrary to those of the Federal court on the same issues.
It conclusively appears that on January 4, 1956, the date of the alleged automatic dismissal, no less than three appeals were pending; and that neither the plaintiff nor the defendants evidenced any intent to abandon the litigation, but to the contrary were actively engaged therein. We think that rule 302 was adopted for the purpose of getting rid of cases that are actually dead by striking them from the calendars (Eighth Annual Report of N. Y. Judicial Council, 1942, p. 383), but we do not think it was the intention of the framers to have the rule rigidly applied irrespective of any and all circumstances, particularly such as those pointed out here. The phrase ‘ ‘ deemed abandoned ’7 as contained in the rule suggests a presumption rather than a fixed and immutable policy of dismissal, and it would seem that the rule was never intended to apply to a case where litigation in a cause was actually in progress.
In any event, the defendants, who participated in appeals and instituted additional proceedings after January 4, 1956, waived whatever benefit they might otherwise claim from the application of the rule. The plea that they had no knowledge of the application of the rule is of no avail since the rule itself furnishes notice (Wheelock v. Wheelock, 4 N Y 2d 706). Thus, the basis of knowledge for the purposes of waiver is clearly present.
Defendants argue that jurisdiction was terminated by application of rule 302 (Wheelock v. Wheelock, supra). However, in that- case, there was complete inaction by both parties for a period of four years. Moreover, in this case, plaintiff could *551 have moved to open the default for justifiable circumstances (e.g., People ex rel. Weiss v. Boyland, 3 A D 2d 738) particularly where defendants were at least in part responsible for the over-all delay (Jacoby, Inc., v. Kushner, 3 A D 2d 905). By voluntarily instituting new applications in the cause, defendants made it unnecessary for plaintiff to pursue that course and, at least, these defendants, who invoked that jurisdiction and actively sought the judgment they now seek to vacate, are precluded from attacking it (Krause v. Krause, 282 N. Y. 355, 357-358; Brown v. Brown, 242 App. Div. 33, affd. 266 N. Y. 532; Starbuck v. Starbuck, 173 N. Y. 503, 506).
The order should be reversed, with costs in all courts.