VICTOR LEVINE, as Trustee, Appellant, *v.* LEONARD P. LEVY, Respondent.

Fourth Department, February 20, 1969.

*Pinsky, Canter & Pinsky* and *Mackenzie, Smith, Lewis, Michell & Hughes* (*John F. Lawton* of counsel), for appellant.

*Copal Mintz* for respondent.

*Per Curiam.* This action was commenced in March, 1953 to recover $30,000 claimed to be due plaintiff under a contract for the sale of a share in a contingent remainder interest in a testamentary trust. A note of issue was filed on September 23, 1953. Thereafter the case was marked over the term several times and finally on November 8, 1954 it was marked " off " the calendar.

Subdivision 2 of rule 302 of the Rules of Civil Practice (now CPLR 3404) then (1954) provided that a case so marked " off " and not restored within one year " shall be deemed abandoned,

and the complaint \* \* \* shall be dismissed without costs for failure to prosecute, and the clerk shall make appropriate entry to that effect pursuant to this rule without necessity of further order."

This rule it has been held is self-executing and the action is terminated at the end of the one-year period. (*Wheelock v. Wheelock*, 3 A D 2d 25, affd. 4 N Y 2d 706.) In *Marco v. Sachs* (10 N Y 2d 542) the court, however, construed the words "deemed abandoned," as contained in the rule, to suggest a presumption rather than a fixed and immutable policy of dismissal. The court recognized that plaintiff might have moved to open the default but concluded that defendants had made such a motion unnecessary for plaintiff to pursue by voluntarily instituting new applications in the cause.

While concededly there was some activity in this action after the expiration of the one-year period on November 9, 1955 such activity terminated on January 7, 1959 (or earlier) when this court modified an order denying defendant's motion for leave to further amend his answer (7 A D 2d 878). We agree with the conclusion of Special Term that *Marco v. Sachs* (*supra*), has no applicability here because the further proof is that after January, 1959 neither party took any formal action for a period of more than six years.

In August, 1966 defendant formally moved to dismiss the complaint on the grounds of abandonment of the action by plaintiff and his unreasonable neglect to proceed therewith. In opposition to this motion plaintiff in an affidavit ambiguously asserted that in 1959 he had "suggested" to defendant's counsel that the action be held until after the death of the life tenant named in the trust agreement from which the cause of action had arisen. Plaintiff further contended that defendant's failure to take action to collect an outstanding bill of costs demonstrated that defendant acquiesced in the suggestion. In a reply affidavit defendant's attorney denied that such a "suggestion" had been made by plaintiff or that any agreement, express or implied, to hold the case until the death of the life tenant had been made.

Special Term did not pass upon this obvious factual issue as to whether the parties or their attorneys had agreed to hold the case in abeyance but dismissed the complaint pursuant to CPLR 3216.

When the appeal from that order came to this court we held (29 A D 2d 827) that Special Term had erred in dismissing the action pursuant to CPLR 3216; that such motion should have been dismissed as academic. However, we construed plaintiff's opposing papers as an application to open his default, vacate the prior dismissal and restore the case to the calendar. We

recognized as crucial to such motion the unresolved factual dispute as to whether there had been an agreement to hold the case until after the death of the life tenant. Accordingly, we remitted the action to Special Term to take proof so that its decision upon the presented factual issue might then be reviewed by this court.

Upon remand Special Term not only took proof and made a decision but went beyond the strictures of our order and memorandum. It made an order granting the cross application of plaintiff, vacated the dismissal of the complaint and restored the case to the calendar. This, of course, was a gratuitous act not encompassed within the provisions of our order of remand. We are vacating as a nullity the order so made and entered.

The testimony at the hearing produced an extremely sharp factual issue. Plaintiff testified that on some unspecified date after August 5, 1959 he was in New York City and had a telephone conversation with defendant's lawyer wherein he (plaintiff) said to the attorney that the life tenant was old and sick and " that we should hold up hostilities here for a while, let's see what happens to (the life tenant), and he (defense counsel) said ' It's all right with me '." Defendant's attorney " without any equivocation or reservations " denied a conversation of such a tenor. Moreover, he produced his diaries for 1959 and 1960 wherein he had for many years made a practice of recording precise entries of specific steps taken in pending actions. The diaries showed no such telephone conversation with plaintiff as related by the latter but they did reveal other telephone conversations (here irrelevant) between defense counsel and plaintiff's counsel pertaining to the action.

Special Term never resolved this factual issue. In its decision it stated that the testimony of the two attorneys was " contradictory and completely irreconcilable " and observed that it might " not seriously question the credibility " of either. From the foregoing recital it is apparent that either there was an agreement or there was not. Instead of passing thereon the court concluded " that the plaintiff was led to believe that he had a firm understanding with defense counsel that the proceedings would be held in abeyance until the death of the life tenant. It is inconceivable that plaintiff would have knowingly permitted his meritorious cause of action to lapse by default."

If this may be construed to be a finding that the conversation as related by plaintiff took place we find it to be against the weight of the credible evidence. Regretfully, we find that the conversation did not take place. On one side of the scales we have the bare statement of plaintiff. On the other side is not only

the denial of defense counsel that the conversation took place but the supporting negative proof furnished by the diaries.

More devastating, however, is a letter concededly written by defense counsel to plaintiff's attorneys on February 29, 1960 relating to this action and a companion one where the parties were transposed. This, of course, was some six months after the alleged telephone conversation. The letter read: "What, if anything, do you propose to do in the above cases? I believe that our last communication was a telephone call from me to you in August after the receipt of [Special Term's] decision of August 5, 1959. It is my recollection that you were not satisfied with that decision and you were going to ask [Special Term] for a reconsideration. Please let me know what, if anything, has transpired since our telephone talk." No response was received to the letter and there is no proof of any further conversations or correspondence until in 1966 defendant made the present motion to dismiss.

Significantly, plaintiff testified upon the hearing herein that he had reported the substance of his alleged telephone conversation with defense counsel to his attorney to whose attention the foregoing letter was directed. In the light of these facts the conclusion is irresistible that if the August, 1959 telephone conversation had taken place either plaintiff or his counsel (both competent attorneys) would have promptly replied stating that plaintiff proposed to do nothing further because there was a firm oral agreement to hold the action in abeyance until after the death of the life tenant. Instead there was stony silence for six years and until defendant reactivated the litigation by the motion to dismiss. All of this fortifies our finding that the conversation never was had.

We conclude that the action was effectively terminated on November 9, 1955. In conformity with our prior decision (29 A D 2d 827) the order entered January 31, 1967, and the judgment entered February 6, 1967, should be reversed, the motion to dismiss the complaint made in August, 1966 should be dismissed as academic, and an order made denying without costs the cross application of plaintiff to open his default, vacate the prior dismissal and restore the case to the calendar.

DEL VECCHIO, J. (dissenting). Upon appeal by plaintiff from an order granting a motion to dismiss this action for failure to prosecute, we remitted the matter to Special Term for a hearing and a decision whether there was a reasonable excuse for plaintiff's long continued inactivity in this litigation,

such that his cross application to open his default, vacate the automatic dismissal of the action under subdivision 2 of rule 302 of the Rules of Civil Practice (now CPLR 3404) and restore the case to the calendar should be granted. After the hearing Special Term concluded that it was inconceivable that plaintiff would have knowingly permitted his meritorious cause of action to lapse by default and that the evidence established that plaintiff was led to believe he had a firm understanding with defense counsel that the proceedings would be held in abeyance until the death of the life tenant. In the exercise of its discretion, the court therefore decided that the dismissal should be vacated and the case restored to the calendar. Upon all the circumstances, such decision was not an improvident exercise of discretion and, upon review, should not be disturbed by an appellate court.

GOLDMAN, P. J., BASTOW and HENRY, JJ., concur in *Per Curiam* opinion; DEL VECCHIO, J., dissents and votes to grant plaintiff's cross application in memorandum.

Order of Special Term entered November 7, 1968 vacated as a nullity; order entered January 31, 1967 and judgment entered February 6, 1967 reversed on the law and facts, without costs; motion to dismiss complaint made in August, 1966 dismissed as academic; and plaintiff's cross application to open his default, to vacate the prior dismissal and to restore the case to the calendar, denied, without costs.