■ MARY M. MINGIS, Respondent, v. DAITCH CRYSTAL DAIRIES, INC., et al., Appellants.— Order, entered October 9, 1968, reversed and vacated, on the law, on the facts and in the exercise of discretion, without costs and disbursements, and plaintiff's motion to vacate dismissal and to restore action to Trial Calendar denied. Plaintiff has shown neither a meritorious cause of action nor a reasonable excuse for the default resulting in the dismissal of the action. This personal injury action was commenced, and issue was joined, in October, 1964. A statement of readiness was never filed although pretrial procedures were complete by February, 1966, and a note of issue had been previously served and filed in June, 1965. The case was marked off the calendar on June 27, 1966 and, no action having been taken within a year thereafter, the case was dismissed on June 28, 1967 pursuant to CPLR 3404. The office failures alleged by plaintiff's attorney do not constitute an adequate excuse for the failure to discover that a statement of readiness had not been filed. (See *Tepperman* v. *Peri*, 29 A D 2d 893, app. dsmd. 22 N Y 2d 703; *Filippi* v. *Grand Union Co.*, 30 A D 2d 532; *Altman* v. *Stichman*, 31 A D 2d 741.) Nor is there an acceptable excuse for the 15 months hiatus between the dismissal and this motion. (See *Back* v. *Stern*, 23 A D 2d 837; *Altman* v. *Stichman*, *supra*.) Finally, the affidavit of merits submitted by plaintiff lacks a proper factual showing to establish a meritorious cause of action. Concur — Eager, J. P.,

Capozzoli, McGivern and Markewich, JJ.; Nunez, J., disssents in the following memorandum: I dissent and vote to affirm the order vacating the dismissal and restoring the action to the Trial Calendar. As found by Special Term the record indicates a meritorious cause of action, serious injuries, no intention by plaintiff to abandon the action and no merit to defendant's claim of prejudice. The delay in filing a note of issue was in large part occasioned by plaintiff's counsel's disability of several months duration due to a heart attack. Plaintiff, a lady in her seventies, sustained injuries which confined her to the hospital for more than five months; among other injuries she claims a two-inch shortening of her left leg. On the facts as revealed by the record in this case, it is manifestly unfair to deprive this lady of her day in court.