NESTOR VANONI, Respondent, v. HILTI, INC., Also Known as HILTI FASTENING SYSTEMS, Appellant.— Order, Supreme Court, New York County, entered February 28, 1974, granting plaintiff's motion to restore the case to the Trial Calendar, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs and without disbursements, and the complaint dismissed. Appeal from an order, Supreme Court, New York County, entered September 19, 1973, granting leave to serve an amended complaint, unanimously dismissed as academic, without costs and without disbursements. Prerequisite to restoration of a case to the Trial Calendar is a showing of both a valid excuse for default and a meritorious claim (cf. *Mingis* v. *Daitch Crystal Dairies*, 32 A D 2d 746; *Ad Press Ltd.* v. *Environmental Enterprises*, 41 A D 2d 636; *Pell* v. *Button*, 44 A D 2d 549). The affidavit submitted purporting to exhibit the merits of plaintiff's case is deficient. It contains no " fact " other than that the tool being used by plaintiff exploded. No evidentiary facts are submitted indicating the possible success of plaintiff in imposing liability upon the defendant manufacturer. In addition, the office failures alleged by plaintiff's attorney are inadequate excuse for failure to timely move to vacate

the dismissal of the complaint (cf. *Sortino* v. *Fisher*, 20 A D 2d 25; *Mingis* v. *Daitch Crystal Dairies, supra*). In view of the disposition of this motion, the further appeal from the order granting leave to serve an amended complaint must be dismissed as academic. Concur — McGivern, P. J., Kupferman, Lupiano, Capozzoli and Lane, JJ.