■ CHIARA M. CASEY, Appellant, v FULLER BRUSH COMPANY et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered April 24, 1975 in Saratoga County, which granted defendants' motion to renew a motion by plaintiff to be relieved of her default in removing the case from the Deferred Calendar and, upon granting the motion to renew, denying plaintiff's motion to be relieved of her default. This action was commenced on November 7, 1970 as the result of injuries allegedly sustained by plaintiff on November 2, 1968 when a bath product manufactured by defendant Fuller Brush Company came into contact with her left eye. The case was placed on the Deferred Calendar on January 2, 1973 and dismissed on January 7, 1974 (CPLR 3404; rule 861.16 of the Rules For Trial and Special Terms of Supreme Courts in the Third Judicial Department, 22 NYCRR 861.16). By order dated November 5, 1974 and entered November 14, 1974 the case was restored to the Trial Calendar by Special Term, but upon the subsequent application of defendants by way of order to show cause, Special Term granted a reargument of plaintiff's motion, which resulted in the order from which plaintiff now appeals. A plaintiff seeking to restore to the Trial Calendar a case which has been

dismissed pursuant to CPLR 3404 must show both a valid excuse for the default and a meritorious claim *(Vanoni v Hilti, Inc.,* 46 AD2d 620; *Mingis v Daitch Crystal Dairies,* 32 AD2d 746). On this record we find no reason to disturb the finding of Special Term that plaintiff had submitted insufficient proof to warrant a vacating of her default. Although plaintiff sets forth in considerable detail such potential excuses as illness in the family and marital difficulties, these occurred prior to the time when the case was placed upon the Deferred Calendar and provide insufficient excuse for the failure to timely restore. Additionally, plaintiff relies primarily upon the complaint and her own affidavit in her effort to demonstrate a meritorious cause of action. We find that the allegations contained therein, absent supporting expert testimony, provide an inadequate showing of the merit of this action. We conclude that Special Term did not abuse its discretion by refusing to allow plaintiff relief from her default. Order affirmed, without costs. Herlihy, P. J., Sweeney, Kane, Koreman and Larkin, JJ., concur.