■ ALFRED RUGGIERO, Respondent, v ELBIN REALTY INC. et al., Appellants.—In a negligence action to recover damages for personal injuries, defendants appeal from (1) an order of the Supreme Court, Queens County, dated October 7, 1975, which granted plaintiff's motion to restore the case to the Trial Calendar and (2) a further order of the same court, dated December 2, 1975, which denied their separate motions to renew. Orders reversed, motions to renew granted, and, upon renewal, plaintiff's motion is denied. One bill of $50 costs and disbursements is awarded to defendants appearing separately and filing separate briefs to cover both appeals. This action was noticed for trial in October, 1973, more than seven years after the action was commenced. When the action came on for trial in September, 1974, plaintiff was not ready to proceed; it was marked off the calendar on September 6, 1974. The action was deemed abandoned and was automatically dismissed on September 8, 1975, pursuant to CPLR 3404. On or about

September 19, 1974, plaintiff moved to restore the action. Plaintiff's motion was supported solely by his attorney's affidavit, which claimed that plaintiff's physician had died and that his records had been sent to another doctor. The motion was not accompanied by an affidavit of merits indicating a viable cause of action by a person having knowledge of the facts. Once an action has been dismissed under CPLR 3404, a motion to open the default and restore the case to the calendar will require the same kind of proof of merit, of lack of prejudice to the opposing party and of excusable neglect as must be shown to open a default judgment (see *Marco v Sachs,* 10 NY2d 542; *McIntire Assoc. v Glens Falls Ins. Co.,* 41 AD2d 692). The application in this case fell far short of such proof. Hopkins, Acting P. J., Cohalan, Damiani, Christ and Titone, JJ., concur.