■ ANN S. ADRIANCE, as Administrator of the Estate of SAMUEL H. ADRIANCE, Deceased, Respondent, v COUNTY OF RENSSELAER, Appellant.— Appeal from an order of the Supreme Court at Special Term, entered October 24, 1975 in Rensselaer County, which granted plaintiff's motion to vacate the automatic dismissal of plaintiff's action pursuant to CPLR 3404. Plaintiff's intestate died in a one-car accident on New York State Route 7 in Rensselaer County on March 25, 1967. The within action was commenced on May 10, 1968 and issue was joined on July 30, 1968. Preliminary proceedings were conducted between August of 1970 and November of 1972 and a note of issue was filed on August 7, 1972. Defendant's motion to vacate that

note of issue was denied on March 2, 1973 and an appeal from that order was later conditionally dismissed. On April 25, 1973, the action was placed on the Day Calendar of Supreme Court, Rensselaer County, and was thereafter removed to the Deferred Calendar on May 1, 1973 pending the foregoing appeal. The action was restored to the Day Calendar in May of 1974, but was again placed on the Deferred Calendar on September 3, 1974. On September 4, 1975 the action was automatically dismissed pursuant to CPLR 3404 and rule 861.16 of the Appellate Division, Third Department (22 NYCRR 861.16). The instant notice of motion to vacate that dismissal and restore the action to the Day Calendar was dated September 10, 1975. It is axiomatic that in order for a plaintiff to succeed in vacating an automatic order of dismissal pursuant to CPLR 3404 and the appropriate rules of this department, he must show both a valid excuse for the default and a meritorious claim *(Casey v Fuller Brush Co.,* 51 AD2d 639). The affidavit submitted by plaintiff's counsel seeking to establish a valid excuse for the default contains allegations of lack of knowledge that the action was placed on the Deferred Calendar, inadvertence and mistake, and a failure by the clerk of the court to deliver a copy of the printed calendar to his office. These purported excuses amount to nothing more than "law office failure", and it is well settled that such failures are insufficient to excuse a default *(Quick-Way Excavators v Overmyer Co.,* 44 AD2d 740). Additionally, it should be noted that there was no evidentiary showing of any intent to treat the action as pending during the last year it remained on the Deferred Calendar. Order reversed, on the law and the facts, and complaint dismissed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.