■ JEFFREY GLATZER, Respondent, v PORSCHE AUDI, A DIVISION OF VOLKSWAGEN OF AMERICA, INC., Appellant.—In an action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Kings County, dated May 13, 1975, which, *inter alia,* conditionally granted plaintiff's motion to restore the case to the Trial Calendar. Order reversed, with $50 costs and disbursements, and motion denied. The plaintiff commenced this action in June, 1971. The case was stricken from the calendar when an order, dated September 12, 1973, was made granting the defendant's unopposed motion to vacate the plaintiff's statement of readiness because pretrial disclosure had not been completed. The action was deemed abandoned and was automatically dismissed on July 20, 1974 pursuant to CPLR 3404. More than one year later, the plaintiff's motion to restore the case to its original position on the calendar was conditionally granted by the order appealed from. The plaintiff's motion was supported

solely by his attorney's affidavit, which asserted that law office failure and lack of communications constituted excusable neglect. The motion was not accompanied by an affidavit of merits indicating a viable cause of action by a person having knowledge of the facts. "Once an action has been dismissed under CPLR 3404, a motion to open the default and restore the case to the calendar will require the same kind of proof of merit, of lack of prejudice to the opposing party and of excusable neglect as must be shown to open a default judgment" (see *Ruggiero v Elbin Realty,* 51 AD2d 1011; *Marco v Sachs,* 10 NY2d 542). The application of the plaintiff fell far short of such proof. Hopkins, Acting P. J., Cohalan, Damiani, Shapiro and Titone, JJ., concur.