■ Gil Horn, Respondent, v Schenck Transportation Company, Inc.,

Appellant, et al., Defendant.—In a negligence action to recover damages for personal injuries, the appeal is from an order of the Supreme Court, Nassau County, dated June 2, 1978, which granted plaintiff's motion to restore the action to the Trial Calendar. Order reversed, on the law, with $50 costs and disbursements, and complaint dismissed. The plaintiff was injured in April, 1971 when he fell while on a bus operated by defendant company. The instant personal injury action was then timely commenced and proceeded toward trial. However, neither the plaintiff nor his attorney appeared on the initial trial date in March, 1975. The trial was adjourned to on or about May 1, 1975, when, again, no one appeared for the plaintiff. The case was marked off the calendar and a year later was dismissed as abandoned pursuant to CPLR 3404. In October, 1977, represented by new counsel, the plaintiff sought to have the case restored to the calendar. The application was granted and the defendant company appeals. The standard for restoring an action to the calendar is essentially the same as for determining whether to set aside a default judgment. Thus, the plaintiff must show merit, lack of prejudice to the defendant, and excusable neglect (*Ruggiero v Elbin Realty,* 51 AD2d 1011). In this case, reversal is necessitated by the plaintiff's failure to demonstrate excusable neglect. The failure to appear on the scheduled trial dates and for several months thereafter, although partly a result of law office failure, is excusable due to the physical incapacity of both the plaintiff and his former attorney. However, the record indicates that the plaintiff disengaged his former attorney in March, 1976. Fifteen months lapsed before the plaintiff retained his present counsel in July, 1977. No explanation is given for this lengthy hiatus. If the plaintiff was physically incapacitated from pursuing his cause of action during this period he should have provided a doctor's affidavit to this effect. In the absence of any such explanation, the presumption of abandonment must be adhered to. Having failed to demonstrate excusable neglect, the plaintiff is not entitled to have the action restored to the calendar. Hopkins, J. P., Martuscello, Latham and Hawkins, JJ., concur.