■ ERNEST KLEIN, Appellant, v ALFRED J. RAUSCHMAN et al., Respondents.—In an action to recover damages (1) "for conspiracy to defeat and obstruct justice" and (2) "for libel and slander", plaintiff appeals from an order of the Supreme Court, Kings County, entered September 15, 1977, which denied his motion to restore the action to the Trial Calendar. Order reversed, with $50 costs and disbursements, and motion granted. In the course of bankruptcy proceedings, the United States District Court for the

Southern District of New York, on March 27, 1974, issued an order staying suits against the debtor Walston & Co., a defendant herein. That stay was in effect on September 9, 1974, the date on which the Supreme Court, Kings County, at Trial Term, marked this action "Off Cal. to be Restored on 5 days' notice". The stay remained in effect until the Federal court lifted it by order dated June 15, 1977. Accordingly, the order of the Federal court stayed operation of CPLR 3404 as to this action. Thus, when by notice of motion dated June 23, 1977 plaintiff moved to restore the action to the Trial Calendar, that motion should have been granted. Even if, *arguendo,* the operation of CPLR 3404 was technically not stayed by the Federal court order, as a matter of law plaintiff rebutted the presumption that the action had been abandoned (see *Marco v Sachs,* 10 NY2d 542). O'Connor, Shapiro and Martuscello, JJ., concur.

Titone, J. P., dissents and votes to affirm the order, with the following memorandum: On March 19, 1973 plaintiff filed his note of issue and statement of readiness. Thereafter, defendant Walston & Co., Inc., instituted proceedings in Federal court under the Federal Bankruptcy Act. On May 29, 1974 Walston was adjudicated a bankrupt and the attorneys for the trustees issued a notice that the commencement or continuing of any action against the bankrupt is stayed during the pendency of the bankruptcy proceeding. On August 16, 1974 the individual defendants moved for an order severing the action against Walston and allowing their previously made motion for summary judgment to go forward. The motions for summary judgment and a severance were adjourned on numerous occasions at plaintiff's request. On September 9, 1974, at Trial Term, the action was marked "Off Cal. to be Restored on 5 days' notice". CPLR 3404 provides, in pertinent part: "A case in the supreme court or a county court marked 'off' or struck from the calendar * * * and not restored within one year thereafter, shall be deemed abandoned and shall be dismissed without costs for neglect to prosecute. The clerk shall make an appropriate entry without the necessity of an order." Not until on or about November 12, 1975, more than one year after the action had been marked off the calendar, did plaintiff submit an affidavit in opposition to the motions for summary judgment and for a severance. On December 29, 1975 Special Term granted the severance but denied, without prejudice, the motion for summary judgment. No order was entered on either motion (cf. *Marco v Sachs,* 10 NY2d 542). On June 15, 1977 the bankruptcy court modified the stay so as to permit plaintiff to proceed with the subject action. By notice of motion dated June 23, 1977, plaintiff made the instant motion to restore the action to the calendar, annexing the June 15, 1977 modification of the stay. Defendants opposed, submitting an affidavit which asserted, *inter alia:* "Pursuant to the clear language of CPLR § 3404, by reason of this matter having been marked off calendar and not restored within one year thereafter, the court clerk was required to dismiss this matter for failure to prosecute." On July 19, 1977, the calendar clerk entered the following notation: "9/9/76 *[sic]* Case Abandoned and Dismissed Pursuant to Rule 3404 C.P.L.R." Plaintiff submitted further papers, but Special Term denied "in all respects" his motion to have the matter restored to the Trial Calendar. In my opinion the stay issued by the bankruptcy court for the period March 27, 1974 through June 15, 1977 did not stay the operation and effect of an act of the New York State Legislature, viz., CPLR 3404. Thus, plaintiff was required to move to vacate the automatic dismissal of the action and, in doing so, to present an affidavit demonstrating (1) merit, (2) excuse, and (3) no prejudice to respondents *(Sanick v Schauder,* 15 AD2d 801, mot to dismiss app granted 11 NY2d

1060; *Levine v Levy,* 31 AD2d 289, app dsmd 28 NY2d 712; cf. *Marco v Sachs, supra; Glatzer v Porsche Audi,* 54 AD2d 575). I would treat plaintiff's motion to restore as one to vacate the dismissal and to restore (see *Levine v Levy, supra,* p 291). I deem the affidavit of merit requirement satisfied by (1) the November, 1975 opposition affidavit submitted by plaintiff on respondents' motion for summary judgment and (2) Special Term's denial of the said motion. With respect to excuse, however, I find that the effect of the bankruptcy court stay was merely to give plaintiff a credit—that is he would not be accountable—for the three-year period the stay was in effect provided, however, that he could demonstrate with competent evidence that in the bankruptcy court he moved with diligence to vacate the stay as to the present action. In my opinion his conclusory allegation that he did so is not supported by any evidence except the recital portion of the bankruptcy court order of June 15, 1977. The recital portion of that order, however, is at best ambiguous; it does not sufficiently or clearly show due diligence by plaintiff in that court. Even if, *arguendo,* plaintiff did show such diligence he must account for the nine-year delay between the joinder of issue in 1965 and the March, 1974 stay. Plaintiff's papers do not furnish any basis for excusing that delay. Finally, as to prejudice, I am in accord with the following argument of the respondents: "Further, in light of respondent Walston's bankruptcy subsequent to the commencement of this action, it would severely prejudice the rights of defendants Rauschman, McGauley and Jackson, Nash, Brophy, Barringer & Brooks to have this matter now restored to the trial calendar. 'It is well settled [law] that an agent is entitled to reimbursement from his principal for expenses or damages incurred by him as a necessary incident to the proper conduct of his agency, including the cost of defending an action . . . .' *Herrman v. Leland,* 84 Misc. 82 * * *; cf. *Cohn v. Lionel Corp.,* 21 N. Y. 2d 559 * * *. Since this matter was not actively prosecuted during the time of Walston's solvency, the individual defendants would now be forced to bear the brunt of defense costs in this litigation, as well as the brunt of judgment, if any, if this action were restored."