■ STEPHEN E. SPODEK, an Infant, et al., Appellants, v LASSER STABLES et al., Respondents. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Suffolk County (Orgera, J.), dated January 2, 1981, which denied their motion to restore the action to the Trial Calendar. Order affirmed, without costs or disbursements. On June 8, 1973, Stephen Spodek, then seven years of age, was injured when he was allegedly thrown from a horse, owned by defendants, and struck his head against a wooden fence surrounding the riding area. An action to recover damages for the injuries was commenced on July 6, 1974, and was placed on the Trial Calendar of the Supreme Court, Suffolk County, on March 25, 1977. The action was to be tried on March 24, 1980, but counsel for plaintiffs failed to appear. The court clerk called the office of plaintiffs' counsel and was informed that no one in the office knew about the case and that no one would appear that day. "Out of courtesy, and against the rules set down by the administrative judge of [the] Court", the case was adjourned for one week to March 31, 1980. On that date, counsel for plaintiffs appeared and requested an adjournment on the basis that his medical expert was away on vacation and would be unavailable for trial until mid-April. The trial court denied the application and ordered counsel to appear on April 3, 1980 and pick a jury. On April 3, 1980, counsel for plaintiffs appeared and again requested an adjournment. This request was based not only upon the unavailability of counsel's medical expert, but also upon the fact that counsel was scheduled to pick a jury that same morning in another case. The request was denied on the ground that counsel had been ordered to pick a jury in this case prior to the order in the other case and had counsel so notified the court clerk, the order in the other case would have yielded to the direction in the case at bar. After counsel for plaintiffs insisted that he could not pick a jury, the trial court granted defense counsel's motion to dismiss the action, with prejudice, for failure to prosecute. By motion returnable December 10, 1980, plaintiffs moved for an order restoring the action to the Trial Calendar and now appeal from the order denying that motion. We affirm. In so doing, we note that the conduct of a trial, including the question of adjournments, is within the sound discretion of the trial court (see *Bilyou v State of New York,* 33 AD2d 604; *Matter of Case,* 24 AD2d 797; *Zirn v Bradley,* 270 App Div 829; see, also, *Balogh v H.R.B. Caterers,* 88 AD2d 136). While this court has overruled a trial court's refusal to grant a short adjournment to accommodate expert medical witnesses (see, e.g.,

*Terone v Anderson,* 54 AD2d 562; *Simon v Goldberg,* 39 AD2d 758; *Brodish v Diesel Constr. Co.,* 32 AD2d 785), such cases involved adjournments of only several hours; the denial of the requested adjournment herein, until mid-April, cannot be deemed an abuse of discretion. To vacate the dismissal and restore the case to the Trial Calendar, plaintiffs had the burden of establishing merit, lack of prejudice to defendants and a reasonable excuse (see *Horn v Schneck Transp. Co.,* 65 AD2d 589; *Ruggiero v Elbin Realty,* 51 AD2d 1011). While the papers submitted in support of the motion plainly demonstrated a meritorious case and lack of prejudice to defendants, the trial court found that no excuse for plaintiffs' failure to proceed to trial on April 3, 1980 was set forth. On April 3, 1980, plaintiffs' counsel stated that his medical expert "went on vacation in early April" and would be "unavailable to testify until mid-April." The affidavit of plaintiffs' medical expert, submitted in support of the motion to restore, states that the doctor advised plaintiffs' counsel on March 24, 1980 that he would be unable to attend trial during the latter part of March and the initial week of April due to "personal committments" [sic]. In opposition, defendants' counsel affirmed that upon calling the office of the medical expert on Friday, April 4, he was informed that the doctor had been in "yesterday" but "would not be back 'til Monday", and that on Monday, April 7, he again called the doctor's office and was informed that "the doctor was in and was with a patient." Although unavailability of a key medical witness has been held to constitute a legally sufficient excuse for not proceeding to trial (see *Strokoski v Bullock,* 35 AD2d 908), it cannot be said that plaintiffs have sufficiently established the unavailability of the medical witness and thus the trial court correctly denied the motion. Damiani, J. P., Titone, Lazer and Gibbons, JJ., concur.