■ In the Matter of FREDERICK H. SCHULTE, Appellant, v ARLENE SCHULTE, Respondent. — Appeal from an order of the Family Court of Ulster County (Elwyn, J.), entered June 30, 1981, which dismissed a petition for modification of a support order. Petitioner and respondent entered into a separation agreement on March 10, 1976 which, *inter alia,* provided that respondent wife was to have custody of the parties' two children and petitioner was to pay the sum of $30 per week for the support of each child. Thereafter the parties were divorced. The judgment of divorce ordered custody as set forth in the separation agreement and further ordered that all future questions of child support, custody and visitation be transferred to Family Court. The instant proceeding was thereafter commenced in Family Court by a petition denominated "Petition for modification of support order" wherein a reduction of child support payments was sought. Family Court dismissed the petition on the ground that it did not have jurisdiction to grant the relief sought. The present appeal ensued. Regardless of the denomination of the petition as one for modification of a support order, the petition is actually one seeking a reduction of the payments for child support. Petitioner is not herein seeking a modification of the separation agreement. Concededly, the separation agreement has survived the divorce judgment and the Family Court is without the power to modify its terms (*Kleila v Kleila,* 50 NY2d 277). While the judgment of divorce granted in Supreme Court contained no child support provision, the Supreme Court had the power to refer the matter to Family Court (Family Ct Act, § 461, subd [c]; *Kagen v Kagen,* 21 NY2d 532). Furthermore, by statute the Family Court had authority to consider the matter (Family Ct Act, § 422, subd [b]). Consequently, the court did have jurisdiction. We also disagree with respondent's contention that the petition was insufficient as a matter of law to warrant a modification. Petitioner alleges that he remarried, fathered a child, and that his income has remained the same while respondent's has increased. Since no evidence, other than the petition and answer and the parties' respective affirmations, was heard by the court, it could not exercise its discretion as to the circumstances or the best interests of the children (see *Matter of Brescia v Fitts,* 56 NY2d 132, 141). There must be a reversal and remittal to the Family Court for further proceedings. Order reversed, on the law, without costs, and matter remitted to the Family Court of Ulster County for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Yesawich, Jr., Weiss and Levine, JJ., concur.