■ GRANT VAN SANT, Respondent, v JAMES HALL, Appellant. — Appeal from an order of the County Court of Cortland County (Kepner, Jr., J.), entered November 26, 1982, which granted plaintiff's motion to restore this case to the Trial Calendar. On July 19, 1977, plaintiff, an attorney, commenced an action against defendant in the County Court of Cortland County seeking $250 in damages. After issue was joined, plaintiff filed a note of issue and statement of readiness on February 4, 1978. Plaintiff moved for partial summary judgment on May 1, 1979. The affidavit of the Chief Clerk of Cortland County declares that the Judge presiding at the May, 1979 Trial Term for Cortland County instructed him to mark this case "off" the calendar on May 22, 1979. When plaintiff's motion for partial summary judgment and a subsequent motion to remove the case to Supreme Court were denied, plaintiff moved to restore the case to the County Court Calendar on October 1, 1982, almost 16 months after his attorney was advised by the Administrative Justice for the Sixth District by letter dated June 9, 1981 that the action was no longer on the calendar and that he should attempt to have it restored. County Court granted the motion restoring the case to the calendar and this appeal by defendant ensued. Treating plaintiff's motion as one to vacate the automatic dismissal of his complaint rather than one to restore the action to the court's calendar (*Hummeil v Belanich,* 63 AD2d 802), we are of the opinion that restoration of this case to the County Court Calendar was an improvident exercise of discretion in the absence of any satisfactory explanation for the delay or any demonstration of merit. The only affidavit submitted in support of the motion was that of

plaintiff's attorney and the only ground advanced for restoration was that "simple justice dictates that the case be restored to the calendar and the case be decided on the merits". We disagree and find this to be an insufficient basis for the court to exercise its discretion and grant the requested relief (see *Monahan v Fiore,* 71 AD2d 914; *Hummeil v Belanich, supra; Adriance v County of Rensselaer,* 52 AD2d 1002; *Colucci v Slippery Slats & All That,* 52 AD2d 1083). Order reversed, on the law and the facts, with costs, and plaintiff's motion denied. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.