■ CAROLYN M. HOVEN, Respondent, v JOHN H. HOVEN, Appellant. — Appeal from an order of the Supreme Court at Special Term (Connor, J.), entered August 4, 1983 in Saratoga County, which, *inter alia,* referred the matters of child support modification and defendant's alleged fraudulent transfer of assets to Saratoga County Family Court. ¶ The action herein is a Supreme Court action, properly venued in Saratoga County, in which defendant's former wife sued to rescind a separation agreement upon the grounds of fraud and false representation. The terms of the separation agreement were incorporated into but not merged with a judgment of divorce dated December 22, 1978. In addition to rescission of the agreement, the complaint demands $10,000 damages; a judgment for alimony in the amount of $150 a week and child support in the amount of $200 a week, retroactive to April 29, 1977 (a substantial increase over the amounts set forth in the agreement); an accounting as to income from certain real property; and $7,500 in counsel fees. The action was commenced September 29, 1980. Issue was joined November 13, 1980, but a note of issue was not filed until May, 1983. ¶ In the interim, a second action was commenced by plaintiff in Supreme Court which was dismissed because the court determined that the prior action was for the same or similar relief. Thereafter, plaintiff filed a petition in Saratoga County Family Court for an upward modification of the child support provisions upon the ground of a change of circumstances. That petition was dismissed for the reason that the instant action existed in which the issues created by the petition, as well as others, would necessarily be determined. ¶ This appeal results from plaintiff's motion demanding a trial preference of the instant action, an immediate hearing either in Supreme Court or Family Court on the issue of child support modification, and the cancellation of certain transfers of assets alleged to have been made fraudulently. Special Term denied a trial preference but referred the issues of child support and fraudulent transfers to Saratoga County Family Court for determination. This appeal by defendant is from the order entered on Special Term's decision. ¶ Close scrutiny reveals

that the supporting unsworn statement is totally insufficient to establish any issue as to the fraudulent transfer of assets. The statement, being that of plaintiff's attorney who had no personal knowledge of the transfer, must be considered a nullity (*Roche v Hearst Corp.,* 72 AD2d 245, 249, affd 53 NY2d 767; see CPLR 3212, subd [b]). The only factual evidence in that regard was the financial affidavit of defendant submitted in the now nonexistent Family Court proceeding. That statement does not support plaintiff's contention of fraud. There being absolutely no evidence of fraud, that aspect of the motion should have been denied completely because it did not present a triable issue. ¶ It is the duty of the courts to manage calendars and to make procedural decisions to minimize confusion, effectively utilize the time of the courts, avoid duplication and make certain that disputes are resolved in an orderly manner (see *Forest-Fehlhaber v State of New York,* 74 AD2d 272, 275; *Matter of Tabler,* 55 AD2d 207, 210; *People v Bell,* 95 Misc 2d 360, 363-364). Although Special Term's decision referring the child support issue was within that court's authority, we find that its exercise of discretion was improvident. ¶ The instant action requires the exercise of equity jurisdiction which Family Court lacks (*Kleila v Kleila,* 50 NY2d 277, 282). Determination of whether there is to be a rescission must be the beginning point toward the ultimate resolution of all issues of the litigation. Should a rescission be granted and the court grant the retrospective relief demanded, a most substantial change of the financial circumstances of both parties would occur. Should the court grant rescission, it necessarily would have to modify the divorce judgment to include its own provisions for maintenance and support in substitution for those of the separation agreement. Should the court deny rescission, it would still have before it the responsibility to determine plaintiff's motion to modify the child support provisions of the judgment of divorce. The evidence introduced on the main issue would be helpful in that determination. The decisive factor is that Supreme Court has jurisdiction to hear and determine all issues and Family Court does not. ¶ Neither does the alleged need for an immediate determination outweigh the obvious harm which could result from a duplication of proceedings. The children reside with their mother who has remarried. Although the court may ultimately determine that the present child support provisions are not commensurate with the father's ability to pay, there is no immediate cause for alarm. The position of this case on the general calendar of Supreme Court in Saratoga County would indicate that it should be reached within a short period of time after the earliest trial date which Family Court could establish. ¶ Order modified, on the law and the facts, by reversing so much thereof as referred certain matters to Saratoga County Family Court; plaintiff's application for an upward modification of child support restored to calendar of Supreme Court, Saratoga County; motion to set aside transfers by defendant as fraudulent denied; and, as so modified, affirmed, without costs. Main, Yesawich, Jr., and Harvey, JJ., concur.

Kane, J. P., and Weiss, J., concur in part and dissent in part in the following memorandum by Kane, J. P. Kane, J. P. (concurring in part and dissenting in part). We agree with the majority that defendant's motion to set aside the transfers as fraudulent should have been denied. We would add, however, that the proper vehicle to seek to set aside a transfer as fraudulent is an action pursuant to article 10 of the Debtor and Creditor Law, rather than by motion in the action to set aside the separation agreement. In an action to set aside a transfer as fraudulent, the transferee is a necessary party defendant (13 Carmody-Wait 2d, NY Prac, § 85:18, p 338; see *Dempsey & Spring v Ramsay,* 79 AD2d 1017, 1018). ¶ We are unable, however, to agree with the majority that Special Term abused its discretion by referring plaintiff's application for an increase in child support due to changed circumstances to Family Court.

Family Court has jurisdiction of this matter (Family Ct Act, § 461; see *Matter of Schulte v Schulte,* 91 AD2d 706). Contrary to defendant's assertions, plaintiff's application is premised upon the children's right to receive adequate support rather than her own interest in having defendant contribute more to the financial burden of raising the children (see *Matter of Brescia v Fitts,* 56 NY2d 132, 139). As Family Court possesses "unique, specialized capabilities and expertise" with respect to support proceedings (*Kagen v Kagen,* 21 NY2d 532, 538; see Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act, § 411, pp 12-14; see, also, Family Ct Act, § 461), we are unable to conclude that Special Term abused its discretion by transferring the instant support application to Family Court. ¶ We would, therefore, modify the order by reversing only so much of the order as referred plaintiff's motion to set aside certain transfers to Family Court, deny said motion, and, as so modified, we would affirm.