■ MARINE MIDLAND BANK-EASTERN NATIONAL ASSOCIATION, Appellant, v SAFARI ANIMAL COUNTRY, INC., et al., Respondents. — Main, J. 

In 1977, after defendant Safari Animal Country, Inc., defaulted on a mortgage held by plaintiff and a foreclosure sale resulted in a deficiency, plaintiff sought to enter a deficiency judgment against defendants (the corporation and its principals). Special Term concluded, however, that a hearing was necessary to determine the fair market value of the subject property. Thus, the parties were granted 45 days within which to conduct discovery, after which either side could request a hearing date. Apparently two years passed before hearing dates were scheduled in August and September 1979, but ongoing settlement negotiations caused adjournments without the setting of a new hearing date. It appears that between February 1980 and March 1982, plaintiff and the attorney for defendants Hoffman and Albert corresponded about the adequacy of financial statements submitted to plaintiff by those defendants.

On July 16, 1982, having heard nothing from any of the parties since late 1979, Special Term marked this matter "off" its motion calendar without notice to the parties. There is no indication of any attention having been given this matter by any of the parties after March 1982 until about two years later when, in March 1984, plaintiff sought a hearing date and was advised by the court to make a written request therefor. Defendants objected on the ground that the case had been abandoned. Plaintiff then moved to restore the case to the calendar, but Special Term denied the motion because of plaintiff's inexcusable delay and prejudice to defendants by reasons of the intervening death of their appraiser and the changed condition of the subject property. This appeal by plaintiff followed.

We first find no error in Special Term's striking of this case from its motion calendar in July 1982. As one commentator has noted: "The striking, or marking 'off', usually results from a party's failure to appear at a duly scheduled 'calendar call', whether conducted by a judge or by the clerk; or because a party appeared at the call without being ready to proceed and without good reason for adjournment; *or for still other reasons*" (Siegel, NY Prac § 376, at 483 [1978]; emphasis supplied). Considering the obligation of a court to manage its own calendar in a manner that promotes efficiency and prompt resolution of controversies (*see, e.g., Hoven v Hoven,* 100 AD2d 684, 685) and the fact that Special Term was not provided any information about this case for almost three years, Special Term had reason to strike this case from its calendar and did not abuse its discretion in doing

so. Plaintiff's failure to receive notice of Special Term's action does not vitiate such action for "the rule itself furnishes notice" (*Marco v Sachs,* 10 NY2d 542, 550).

We further find that Special Term did not err in failing to restore this case to its calendar. Plaintiff's failure to have the case restored to the calendar within one year from the time it was struck therefrom leads to a presumption that the case was abandoned (CPLR 3404; *Marco v Sachs, supra*). To rebut this presumption, plaintiff must demonstrate the existence of a meritorious cause of action, a lack of prejudice to defendants, a sufficient excuse for the delay and an absence of intent to abandon the action (*Merrill v Robinson,* 99 AD2d 578, 578-579; *see, Pirnak v Savino,* 96 AD2d 857, 858). Plaintiff, however, has failed in its burden in more than one regard. For example, delay may be excused by settlement negotiations which occurred throughout the period of delay (*see,* 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3404.07 [1982]), but there is no indication that there were any such negotiations after March 1982. Indeed, the record is barren of any indication that any attention was given to this case after 1982 until this motion was made and there is no adequate explanation why no action was taken on this case for some two years. Furthermore, there is no affidavit of merit relative to plaintiff's deficiency judgment application. It also appears from affidavits that the condition of the subject property has substantially changed during the past few years and that defendants' appraiser has died, thereby rendering defendants at a disadvantage at the present time. Under these circumstances, we are of the view that plaintiff has failed to demonstrate sufficient facts to rebut the presumption of abandonment.

Accordingly, Special Term's denial of plaintiff's motion to restore this case to its motion calendar was not an abuse of discretion requiring reversal. We have considered the other arguments raised and find them to be without merit.

Order affirmed, with costs to respondents filing briefs. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.