■ HULDAH L. KUNKER, Appellant, v CHARBONNEAU CONTRACTING CORPORATION, Respondent.—Weiss, J. Appeal from an order of the Supreme Court at Special Term (Mercure, J.), entered March 19, 1985 in Warren County, which, *inter alia,* denied plaintiff's motion to restore this action to the Trial Calendar and granted defendant's cross motion to dismiss the complaint with prejudice.

In June 1978, plaintiff contracted with defendant for repairs to the roof of plaintiff's Lake George house, located in Warren County. The work was finished in October 1978. In her September 1980 complaint, which contained nine causes of action based principally on negligent performance and breach of contract, plaintiff alleged damages of $15,000 to the interior of the house, $30,000 for repairing and replacing the roof, and $20,000 for mental and physical anguish. In a supplemental bill of particulars, plaintiff alleged an additional $13,000 in damages. After plaintiff was deposed, she filed a note of issue in October 1981. In January 1982, the case was placed on the Trial Calendar, and pretrial conferences were subsequently held in June 1982 and May 1983. Plaintiff retained new counsel who, on September 7, 1983, advised defendant's attorneys of this fact and subsequently made application for an exception to the standards and goals cases. This application was denied.

Finally, on September 19, 1983, when plaintiff refused to proceed to trial, the case was stricken from the Trial Calendar. An order to such effect was entered on October 14, 1983. No further action occurred until about August 27, 1984, when plaintiff made a motion (1) to restore the action to the calendar, (2) to amend the ad damnum clause to $370,000 and to amend her bill of particulars accordingly, and (3) to depose defendant. Plaintiff's motion was denied without prejudice to renewal upon proper papers. Defendant's cross motion to dismiss was also denied without prejudice to renew upon plaintiff's renewal of her motion to restore the complaint. In January 1985, plaintiff again moved to restore the action to the Trial Calendar and to increase the ad damnum clause. Defendant again cross-moved to dismiss the complaint on the ground that plaintiff failed to proceed to trial. Special Term again denied plaintiff's motion but granted defendant's cross motion to dismiss with prejudice, giving rise to this appeal.

Special Term's order should be affirmed. When a plaintiff moves to restore a case to the Trial Calendar within the year following its being stricken therefrom, the plaintiff has the burden of showing an adequate excuse for the delay. Plaintiff

will thus be adducing proof similar to that with which she would oppose a motion to dismiss for failure to prosecute under CPLR 3216 (Siegel, NY Prac § 376, at 485). Plaintiff must, therefore, demonstrate the existence of a meritorious cause of action, show a sufficient excuse for the delay, and show that the adversary has not been prejudiced by the delay *(see, Spodek v Lasser Stables,* 89 AD2d 892; *Frenia v Patno,* 25 AD2d 591; *see also, Merrill v Robinson,* 99 AD2d 578).

In a cogent decision, Special Term found that the excuse of changing attorneys on the eve of trial some 60 months following the performance of the work, 36 months following the commencement of the suit and 23 months following the filing of the note of issue was unreasonable and unacceptable. The court found that plaintiff's failure to demonstrate in an affidavit why it took so long to ascertain the inadequacy of her former attorneys and to prepare the case for trial was a fatal defect. The affidavits submitted by plaintiff served to demonstrate that, despite all prior delay, the case was still not ready for trial. Nor was it error for the court to reject, as implausible, plaintiff's proffered excuse for the 11-month delay in seeking restoration. In addition, the court could properly find that the affidavit submitted by plaintiff's expert was insufficient to establish merit to the complaint.

It is both the duty and prerogative of a trial court "to manage its own calendar in a manner that promotes efficiency and prompt resolution of controversies" *(Marine Midland Bank-Eastern Natl. Assn. v Safari Animal Country,* 110 AD2d 1024, 1025; *see, Hoven v Hoven,* 100 AD2d 684, 685). On this record, we are unable to hold that it was an abuse of Special Term's discretion to deny plaintiff's motion *(see, Spodek v Lasser Stables,* 89 AD2d 892, *supra; Frenia v Patno,* 25 AD2d 591, *supra; see also, Van Sant v Hall,* 95 AD2d 919).

Order affirmed, with costs. Kane, J. P., Main, Weiss, Mikoll and Yesawich, JJ., concur.