■ Gil Horn, Appellant, v Albert Fiorella, Respondent.— In an action to recover damages for legal malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Robbins, J.), dated April 5, 1990, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) a judgment of the same court, dated April 17, 1990, which dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The plaintiff retained the law firm of attorney Leon Wasserman to prosecute an action arising out of an alleged fall by the plaintiff which occurred on or about April 1, 1971. The action subsequently was dismissed as abandoned pursuant to CPLR 3404 on or about May 1, 1976. The plaintiff thereafter retained the defendant Albert Fiorella to represent him, and the defendant moved to restore the action to the trial calendar. In support of the motion, the defendant submitted, inter alia, an affirmation of Leon Wasserman, who attempted to explain the lack of prosecution of the action. The affirmation also contained the following statement by Wasserman: "[o]n or about March 1976, [the plaintiff] disengaged me as his attorney". The Supreme Court granted the motion and restored the action to the calendar, but this court reversed and dismissed the complaint on the ground that the plaintiff had failed to demonstrate excusable neglect (see, Horn v Schenck Transp. Co., 65 AD2d 589). In particular, this court observed as follows: "the record indicates that the plaintiff disengaged his former attorney in March, 1976. Fifteen months lapsed before the plaintiff retained his present counsel in July, 1977. No explanation is given for this lengthy hiatus" (Horn v Schenck Transp. Co., supra, at 590).

The plaintiff subsequently commenced the instant action to recover damages for legal malpractice, alleging that the Was-

serman affirmation was incorrect with respect to the date of disengagement, and that the defendant had been negligent in submitting the "false" affirmation on the motion to restore the prior action to the trial calendar. The defendant thereafter moved for summary judgment dismissing the complaint, contending that the plaintiff was collaterally estopped from litigating the issue of when he disengaged Wasserman, and that in any event, the action was without merit. The Supreme Court, Nassau County, granted the motion on collateral estoppel grounds. We affirm the dismissal of the plaintiff's complaint on the merits.

Contrary to the plaintiff's contention, there is no evidence in the record before us of malpractice on the part of the defendant. The plaintiff's claim is premised upon the contention that the Wasserman affirmation contained "false" information regarding the date upon which the plaintiff disengaged Wasserman, inasmuch as the defendant was not formally substituted as his counsel until July 12, 1977. However, there is ample evidence establishing that the relationship between the plaintiff and Wasserman was severed long before the formal substitution. Indeed, the plaintiff has admitted that on March 26, 1976, he wrote letters to both the Association of the Bar of the City of New York and the Committee on Grievances of the New York City Bar Association, complaining about the legal representation rendered by Mr. Wasserman. Moreover, the plaintiff conceded that "since I had made a complaint about Mr. Wasserman I certainly was not going to call him feeling that this was not the right thing to do". Additionally, the plaintiff had no further significant contact with Wasserman, and he took the position in his bill of particulars that "[t]he defendant began representing the plaintiff's interests in the underlying matter during May, 1977".

Given all of the foregoing circumstances, the defendant has established that (1) he had no reason to believe that the Wasserman affirmation was false in reciting that Wasserman was disengaged by the plaintiff in March 1976, and (2) he was not guilty of legal malpractice in submitting that affirmation to the Supreme Court. Inasmuch as the defendant has made a prima facie showing of his entitlement to judgment as a matter of law (see, Alvarez v Prospect Hosp., 68 NY2d 320; Winegrad v New York Univ. Med. Center, 64 NY2d 851), and the plaintiff has failed to demonstrate the existence of material triable issues of fact (see, Zuckerman v City of New York, 49 NY2d 557), summary judgment was properly awarded in favor of the defendant.

In view of our determination, we do not consider the parties' contentions with respect to the issue of collateral estoppel. Bracken, J. P., Sullivan, Lawrence and Ritter, JJ., concur.