■ ASSOCIATED AVIATION UNDERWRITERS, Appellant, v ISLAND HELICOPTER CORP., Respondent. [644 NYS2d 743] —In an action to recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), dated December 23, 1993, which denied its motion to restore the case to the calendar and granted the defendant's cross motion for summary judgment dismissing the complaint, (2) an order of the same court (Feuerstein, J.), dated August 11, 1994, which, denied its motion for renewal or reargument, and (3) a judgment of the same court (Feuerstein, J.), dated August 11, 1994, which is in favor of the defendant and against it dismissing the complaint.

Ordered that the appeal from so much of the order dated August 11, 1994, as denied reargument, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the appeals from the order dated December 23, 1993, and so much of the order dated August 11, 1994, as denied renewal are dismissed; and it is further,

Ordered that the judgment dated August 11, 1994, is reversed, on the law, the orders dated August 11, 1994, and December 23, 1993, are vacated, the plaintiff's motion to restore the matter to the calendar is granted, and the defendant's cross motion for summary judgment is denied; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiff provided so called "hull and liability" and/or workers' compensation insurance to the defendant for the years 1985 through 1989. By amended complaint dated April 24, 1992, the plaintiff alleged that the defendant owed unpaid premiums on three hull and liability policies and four workers' compensation policies in the amount of $813,817.30. In August 1993, the plaintiff discovered that the case had been marked off the calendar after it failed to appear for a May 1993 conference. Accordingly, by order to show cause dated August 24, 1993, the plaintiff sought to have the case restored to the calendar. The defendant cross-moved for summary judgment, arguing that the claim was barred by, *inter alia,* the Statute of Frauds. The Supreme Court granted the defendant's cross motion and entered a judgment dismissing the complaint.

The defendant does not deny that it was insured by the plaintiff. However, the defendant argues that the plaintiff is not seeking unpaid premiums. Rather, it asserts, the plaintiff is seeking payment for additional, retroactive premiums that were never agreed to and that were calculated years after the underlying policies had expired. Accordingly, the defendant argues, because it paid all premiums due and owing, and because the plaintiff has failed to produce any writing evidencing an obligation to pay additional, retroactive premiums, the plaintiff's claims are barred by, *inter alia,* the Statute of Frauds (*see,* General Obligations Law § 5-701). The plaintiff, on the other hand, argues that it is not seeking additional, retroactive premiums, but rather merely the unpaid portions of agreed to premiums as adjusted pursuant to the terms of the subject policies. In support of this argument, the plaintiff proffered policies containing the terms at issue, all of which contain some formula for the retroactive adjustment of premiums. Whether the policy terms proffered are the terms pursuant to which the parties were operating and, if so, whether the sums demanded were calculated pursuant to the formulae set forth therein cannot be resolved on the record before this Court. These and other questions of fact warrant denial of the defendant's motion for summary judgment.

Because the plaintiff has adequately rebutted the presump-

tion that it intended to abandon this case, the matter is restored to the calendar (*see, Marco v Sachs,* 10 NY2d 542). Rosenblatt, J. P., Ritter, Copertino and Santucci, JJ., concur.