■ PETER P. MERRILL et al., Appellants, v RICHARD L. ROBINSON et al., Respondents. — Appeals (1) from an order of the Supreme Court at Special Term (Swartwood, J.), entered March 11, 1983 in Chemung County, which denied plaintiffs' motion to vacate the dismissal of the above-captioned action and to restore it to the Trial Calendar, (2) from an order of said court, entered May 3, 1983 in Chemung County, which denied plaintiffs' motion to vacate the judgment of dismissal, and (3) from an order of said court, entered May 3, 1983 in Chemung County, which denied plaintiffs' motion to renew their motion to vacate the dismissal. Plaintiff Peter P. Merrill was involved in an automobile accident on September 27, 1978 when his motor vehicle collided with a vehicle owned by defendant Syracuse Vending Company and operated by its employee, defendant Richard L. Robinson. After issue was joined, plaintiff Merrill's action and his wife's derivative action were placed on the Trial Calendar of Supreme Court in Chemung County on March 11, 1980. The case was stricken from the calendar on December 29, 1980. Thereafter, plaintiffs' attorney moved to be relieved of his responsibility to represent plaintiffs. The motion was granted and an order entered on September 28, 1981. On October 6, 1982, plaintiffs made a *pro se* motion to restore the action to the Trial Calendar. The motion was denied by order entered March 11, 1983. Thereafter, plaintiffs made two additional *pro se* motions denominated (1) a motion to vacate the judgment of dismissal and (2) a motion to renew the motion to vacate. Both motions were denied by separate orders entered May 3, 1983. Plaintiffs appeal all three orders to this court. Before a plaintiff may move to restore a case to the Trial Calendar, he must first move to vacate the automatic dismissal of his complaint (CPLR 3404; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3404.04). While plaintiffs' *pro se* motion was not cast in the proper form, we shall ignore the defect and treat the motion as one to vacate the dismissal (see *Hummeil v Belanich,* 63 AD2d 802). When a case in Supreme Court is marked "off" the calendar and not restored within one year thereafter, the dismissal provided for by CPLR 3404 is automatic and is not rendered inoperative because the court clerk failed, as here, to enter an order of dismissal (*Sanick v Schauder,* 15 AD2d 801, app dsmd 11 NY2d 1060). The clerk's entry is considered to be "merely a ministerial act" (*id.,* at p 802). However, even though the CPLR 3404 dismissal is automatic, the court retains discretion to restore the case to the trial calendar after the one-year period has expired (*Marco v Sachs,* 10 NY2d 542; *Morhaim v Morhaim,* 81 AD2d 790). Here, we deem it appropriate to note that all three of plaintiffs' *pro se* motions, i.e., the motions to restore, vacate and renew, require the same kind of proof to cause the motion court to exercise its discretion favorably to the movants. Plaintiffs must demonstrate the existence of a meritorious cause of action and a lack of prejudice to defendants if the case is reopened, and they must show a sufficient excuse for

the delay (*Horn v Schenck Transp. Co.*, 65 AD2d 589). Further, they must also show an absence of intent on their part to abandon the action (*Condurso v Thumsuden*, 84 AD2d 802, app dsmd 55 NY2d 953). Even if we were to credit plaintiffs' contention that they could not perform the activities which are acceptable to show a lack of an intent to abandon a case, such as examinations before trial and discovery, because they were unrepresented, we nevertheless hold that they have failed to meet the other requirements. The motion to vacate the automatic dismissal of their case was not made until October 6, 1982, a delay of 22 months from the time the case was stricken. Even if we were to accept plaintiffs' argument that the year within which the motions must be made (CPLR 3404) did not start to run until September 28, 1981, the date of entry of the order relieving plaintiffs' counsel of his obligation to represent plaintiffs, there was still a delay of 13 months. As to plaintiff Merrill's physical incapacity to diligently proceed, we merely note that he did not present any sworn testimony other than his own as to his incapacity (see *Horn v Schenck Transp. Co., supra*). Finally, we conclude that plaintiff Merrill's affidavits of merit in all three motions failed to establish that a viable cause of action exists (see *Lifset v Ehrlich*, 61 AD2d 1063; *Glatzer v Porsche Audi*, 54 AD2d 575). Apart from the problem that most of plaintiff Merrill's physical complaints are related to injuries suffered prior to the accident, his own sworn testimony establishes that he drove into the side of the tractor. The affidavits of merit for each of the three motions simply do not show any likelihood of plaintiffs prevailing at trial (cf. *Cappel v RKO Stanley Warner Theatres*, 61 AD2d 936). Plaintiffs also made no attempt to demonstrate a lack of prejudice to defendant if the case were reopened (see *Monacelli v Board of Educ.*, 92 AD2d 930). Orders affirmed, without costs. Mahoney, P. J., Casey, Yesawich, Jr,. Weiss and Levine, JJ., concur.