■ In the Matter of KRISTINA GG., Also Known as BABY GIRL GG., a Child Alleged to be Permanently Neglected. ALBANY COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; BRIDGETTE GG. et al., Respondents.—Harvey, J. Appeal from an order of the Family Court of Albany County (Cheeseman, J.), entered May 14, 1985, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 10, to rescind an adjournment in contemplation of dismissal and to adjudicate respondents' child to be neglected.

In November 1983, the underlying neglect proceeding was

commenced. On April 24, 1984, the proceeding was adjourned for a period of one year in contemplation of dismissal on the condition that respondents comply with certain terms, including attendance in various counseling sessions. By petition dated April 5, 1985, petitioner sought to have the adjournment in contemplation of dismissal rescinded on the ground that respondents were not complying with its conditions, and petitioner further sought a hearing to adjudicate respondents' child to be neglected. Since respondents could not be found to be served, the matter was adjourned until May 14, 1985. On the hearing date, Family Court dismissed the petition when petitioner's attorney arrived 12 minutes late. Although the attorneys for the adverse parties also had not arrived, the court refused to consider petitioner's opposition to the dismissal. This appeal ensued.

Petitioner contends that justifiable circumstances were shown and thus the case should have been restored to the Court Calendar. We agree. A proceeding dismissed pursuant to CPLR 3404 is properly restored to the Court's Calendar when the petitioner establishes the existence of a meritorious proceeding, a lack of prejudice to the respondents, a sufficient excuse for the delay and an absence of intent to abandon the action *(see, e.g., Merrill v Robinson,* 99 AD2d 578, 578-579). Here, the petition sufficiently indicates that the proceeding was meritorious. Indeed, the safety and welfare of a child are at stake. Furthermore, the record unequivocally establishes that there was no intent to abandon this proceeding and that no prejudice to respondents resulted from the delay of 12 minutes. Accordingly, we conclude that Family Court improvidently exercised its discretion in refusing to consider petitioner's opposition to the dismissal of the petition.

Order reversed, on the law and the facts, without costs, petition reinstated and matter remitted to the Family Court of Albany County for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.