■ ELEANOR Z. MARTIN, as Executrix of WILLIAM V. ZIEHM, JR., Deceased, Respondent, v HERITAGE STATE, LTD., et al., Appellants, et al., Defendant. (And Another Action.)—Mikoll, J. Appeals from two orders of the Supreme Court at Special Term (Cholakis, J.), entered August 4, 1981 and December 31, 1984 in Albany County, which, inter alia, granted plaintiff's motions to restore the actions to the Jury Trial Calendar.

Defendants Heritage State, Ltd., Colburn A. Jones, Woodlake Apartments Company and Taurus Realty Company, Inc. (hereinafter defendants) contend that the instant actions had been marked "off" the Supreme Court Calendar and, not having been restored within one year thereafter, are deemed abandoned pursuant to CPLR 3404 absent the demonstration of excusable delay, no intent to abandon the case, a meritorious claim and lack of prejudice to defendants.

In November 1980, the instant actions were marked "off" the Supreme Court Calendar due to plaintiff's failure to answer the calendar. Upon plaintiff's motion, Special Term ordered the actions restored to the Jury Calendar on July 30, 1981. The order of restoration was conditioned on the final determination of appeals pending and upon the completion of discovery proceedings. Three years later, plaintiff again moved for an order restoring the actions to the calendar. Special Term granted said motion by order dated December 17, 1984 and entered December 31, 1984.

Defendants urge that the submission of the order of restoration on December 17, 1984 was so belated as to be impermissible under CPLR 3404. Defendants' argument is premised on the fact that the case was allegedly marked off the Jury Trial Calendar for a second time in November 1981 and did not reappear until the December 17, 1984 order was signed. It is urged that the case was dismissed as of November 1982 pursuant to the self-executing clause of CPLR 3404 and that, even if the July 1981 order is presumed to have granted the conditional restoration, the action still remained subject to automatic dismissal under CPLR 3404 upon completion of the conditions.

We defer to the expressed intention of Special Term to

restore this case in July 1981 and deem the case to have been restored then. Thus, CPLR 3404 is not applicable. We find, too, that Special Term was clearly within the proper bounds of its discretion in rejecting defendants' demands for dismissal. In cases where the initial striking of the case from the calendar is voluntary rather than due to default, or where the action has been stricken with leave to restore, a sufficient excuse is made out in such circumstances to allow vacatur of a dismissal under CPLR 3404.

Orders affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.