RUTH L. CURTIN, Respondent, v GRAND UNION COMPANY, Appellant.—Main, J.

In July 1980, plaintiff was injured when a blouse she was wearing, allegedly sold by defendant, ignited, causing severe burns. This action was commenced in December 1981 and a note of issue was filed approximately two years later. The case was struck from the Trial Calendar by consent of the parties on October 1, 1984 and was marked as abandoned on October 15, 1985. Finding that the automatic dismissal provisions of CPLR 3404 are not controlling where a case is removed from the calendar with the consent of the Justice presiding, Special Term granted plaintiff's motion to vacate the dismissal. On this appeal, defendant contends that Special Term erred in granting plaintiff's motion. We affirm, but for a different reason.

Under CPLR 3404, a case struck from the calendar and not

restored within one year thereafter is deemed to be abandoned and is dismissed. The dismissal is automatic, needing no ministerial acts to be accomplished *(see, 3 Park Ave. Co. v New York City Educ. Constr. Fund,* 109 AD2d 656, *appeal dismissed* 65 NY2d 785; *Merrill v Robinson,* 99 AD2d 578). We see no reason to distinguish between a case which was struck from the calendar with the consent of the parties and the Justice presiding and a case which was not struck with consent; accordingly, Special Term improperly stated that CPLR 3404 is inapplicable to this case.

Nevertheless, we are of the opinion that plaintiff's motion was properly granted. When a case has been dismissed pursuant to CPLR 3404, the court has discretion to restore the case to the calendar *(Merrill v Robinson, supra; see, Martin v Heritage State,* 116 AD2d 957). In order to have the case restored, a plaintiff must show that she did not intend to abandon the case, that her cause of action is meritorious, that there is a sufficient excuse for the delay and that the defendant has not been prejudiced *(Marine Midland Bank-Eastern Natl. Assn. v Safari Animal Country,* 110 AD2d 1024; *Merrill v Robinson, supra).* Generally, a plaintiff can show lack of intent to abandon by showing that there was some activity in the case during the year before dismissal *(see, Christopher v Horton,* 105 AD2d 1119). Such activity, primarily consisting of correspondence between plaintiff's counsel and an expert and defendant's counsel, was present in this case. Accordingly, plaintiff has shown a lack of intent to abandon the case.

Moreover, we find that plaintiff has sufficiently met the other requirements for vacating a dismissal. With regard to the excuse for the delay, plaintiff showed that she retained an expert to examine a blouse similar to the one in question and had difficulty in receiving a report on the blouse from the expert. Since she documented her attempts to obtain the report and also provided the expert's preliminary report, plaintiff has demonstrated a sufficient excuse for the delay *(see, Kolbasiuk v Printers Bindary,* 93 AD2d 739). This court has also noted recently that, where a case is initially stricken from the calendar voluntarily rather than due to default, a sufficient excuse for vacatur may be found *(Martin v Heritage State, supra,* p 958). Such is the case here. Next, plaintiff has shown "a substantial possibility of success in the action" (4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3404.05). As defendant notes, plaintiff's affidavits need not rise to the level of affidavits submitted in support of a motion for summary judgment *(id.),* and we cannot say that the affidavits submitted here are

so insufficient as to fail to indicate a viable cause of action *(cf. Lewis v Wheaton,* 63 AD3d 815). Finally, nothing in the record indicates that defendant has been prejudiced by the delay. Defendant's claim that it believed that plaintiff intended to abandon the case is belied by the fact that the parties' counsel were corresponding only weeks before dismissal of the action concerning the expert's report and a possible settlement. Accordingly, we find that plaintiff made a sufficient showing to merit granting her motion to vacate the dismissal.

Order affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.