■ PETER LEONE et al., Appellants, v BATES PLAN-A-HOME OF SIDNEY, INC., et al., Respondents. (And a Third-Party Action.)—Weiss, J. Appeal from an order of the Supreme Court (Harlem, J.), entered July 15, 1987 in Otsego County, which denied plaintiffs' motion to restore the case to the Trial Calendar.

This contract action, arising out of the sale of a mobile home, was commenced in 1983 and was reached for trial in February 1985. A jury was impaneled and plaintiffs produced a witness who assessed the damages at $1,850. During the ensuing recess, defendants made a settlement offer of $1,500. Plaintiff Peter Leone accepted the offer and requested an

opportunity to further consult with his wife, plaintiff Catherine Leone. At this juncture, the trial was discontinued and the case marked off the Trial Calendar. In February 1987, plaintiffs moved for an order restoring their case to the Trial Calendar. In opposition, defendants essentially maintained the case was abandoned pursuant to CPLR 3404. Supreme Court, astutely noting that the appropriate procedure is a motion to vacate the automatic dismissal of an abandoned complaint, not a restoral motion, treated the application as cast in the proper form but denied the requested relief (see, Merrill v Robinson, 99 AD2d 578, appeal dismissed 64 NY2d 608). Plaintiffs have appealed.

We affirm. A case stricken from a Trial Calendar, and not restored within one year, is automatically deemed abandoned pursuant to CPLR 3404 (see, Curtin v Grand Union Co., 124 AD2d 918; Merrill v Robinson, supra). Supreme Court retains discretion to restore the case to the calendar where a plaintiff demonstrates a viable excuse, a meritorious claim, the lack of prejudice and an absence of intent to abandon the case (supra). Here, plaintiffs' restoration motion was not made until a year after the case was effectively abandoned (see, Merrill v Robinson, supra, at 579). The only excuse proffered for this delay was that Catherine Leone continued to reject the proposed settlement and efforts had been made, unsuccessfully, to retain other counsel. Notably, plaintiffs recounted no other activity relative to this case (cf., Curtin v Grand Union Co., supra). Moreover, plaintiffs failed to include an affidavit of merit. Plaintiffs' reference to the trial testimony on damages does not satisfy this requisite. It is further significant that one defendant averred that two witnesses were no longer employed and were unavailable. Under these circumstances, Supreme Court clearly did not abuse its discretion in refusing to vacate the dismissal.

Order affirmed, with costs. Kane, J. P., Casey, Weiss, Mikoll and Mercure, JJ., concur.